## McCormick v. Williams.

1. **Promissory Note:** OWNERSHIP OF: WRONGFUL CONVERSION. Where a promissory note placed in the hands of an agent for collection after maturity was converted by him to his own use, and afterward sold under an execution against him, it was held that the purchaser acquired no interest in the note which would enable him, or any one claiming through him, to maintain an action thereon against the maker or a guarantor.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 15.

ACTION upon the guaranty of a promissory note. There was a judgment for plaintiff. Defendant appeals.

*H. C. McCarty,* for appellant.

No appearance for appellee.

BECK, J.—I. The case was tried to the court without a jury, and the following, among other facts, were found:

" 1. That before the maturity of the note sued on herein defendant J. B. Williams was owner and holder thereof.

" 2. That before the maturity of said note the defendant J. B. Williams sold, transferred and delivered the same to one H. P. Marsh.

" 3. That after the maturity of said note said H. P. Marsh left said note with A. D. Wright, an attorney at Cresco, Iowa, for collection.

" 4. That A. D. Wright neglected and refused to account

to H. P. Marsh therefor, but without consent of H. P. Marsh wrongfully converted said note to his own use.

" 5. That afterwards plaintiff recovered a judgment against A. D. Wright, and took said note by garnishment on the execution from him, and sold the same on execution sale therein, to one Hall, who transferred the note to plaintiff.

" 6. That H. P. Marsh never sold said note or consented to its transfer, and never authorized suit to be brought thereon."

II. The finding of facts clearly establishes that plaintiff acquired no title or interest in the note. The sale upon execution conferred no title upon the purchaser, for the defendant in execution had no interest in the note. It was and remained the property of Marsh. These conclusions are based upon the plainest principles of the law.

1. PROMISSORY note : ownership of : wrongful conversion.

III. As the plaintiff acquired no property in the note, he cannot maintain an action thereon; it can only be prosecuted by the real party in interest. Code, Sec. 2543. The same rule applies to an action upon the guaranty.

As the interest and title of Marsh was not divested by the sale upon execution, he may maintain an action to recover upon the note and guaranty. Of course another action cannot be maintained by another party having no interest in the note and guaranty.

Our conclusion, being supported by the most familiar rules of the law, demands the support of neither argument nor authority. The judgment of the Circuit Court must be

REVERSED.