BISHOP *v.* AMERICAN PRESERVERS' Co. *et al.*

*(Circuit Court, N. D. Illinois. June 8, 1892.)*

1. CONTRACTS IN RESTRAINT OF TRADE—TRUST COMBINATIONS.
    Act Cong. July 2, 1890, (26 St. at Large, p. 209,) which forbids combinations in restraint of interstate commerce, and gives a right of action to any person injured by acts in violation of its provisions, does not authorize suit where the only cause of action is the bringing of two suits which have not been decided.

2. SAME—PLEADING.
    A declaration in such an action which does not aver that the goods manufactured by plaintiff, and in respect of which he claims to be injured, are a subject of interstate commerce, or that the acts complained of have anything to do with any contract in restraint of trade, or that the parties are citizens of different states, is demurrable.

At Law. On demurrer to declaration.

Action by Andrew D. Bishop against the American Preservers' Company, Bernard E. Ryan, and T. E. Dougherty, for injuries alleged to have been sustained in his business and property by reason of acts of the defendants in violation of the "Anti-Trust Law," (26 St. at Large, p. 209.) That act makes illegal all combinations "in restraint of trade or commerce among the several states," and provides that "any person who shall be injured in his business or property by any other person or corporation, by reason of anything forbidden or declared to be unlawful by this act, may sue therefor, and recover threefold damages."

*Lyndon Evans* and *Frederick Ornd,* for plaintiff.

*Kraus, Mayer & Stein,* for defendants.

BLODGETT, District Judge, *(orally.)* This suit is now before the court on a demurrer to the declaration by the defendants, the American Preservers' Company, Bernard E. Ryan, and T. E. Dougherty.

Plaintiff charges that in 1888 he was engaged in the business of man-

ufacturing fruit butter, jellies, preserves, etc., in the city of Chicago, and that, at the instance of others engaged in the same business, he entered into an agreement with them for the formation of a trust or combination for the purpose of advancing and maintaining the prices of such goods, and that a trust or combination called the "American Preservers' Trust" was organized for that purpose, of which plaintiff became a member, and to which he conveyed his property and plant which he had used in said business; that afterwards the managers of the organization decided to take in more manufacturers and their property, and adopt the form of organizing under a charter granted under the laws of West Virginia for the purpose of conducting the business of said trust, and that he assigned and transferred his property used in said business to the said company, the American Preservers' Company, one of the defendants herein; that, after he had so transferred his property to the said trust and company, differences arose between himself and the managers of said trust, and the said trust known as the "American Preservers' Company" brought a suit of replevin in one of the courts of the city of Chicago, and took possession of the property and plant, books, etc., which plaintiff had used in the management of his business in connection with said trust, and that said defendant, the American Preservers' Company, has also brought suit at law in this court against plaintiff, claiming to recover the sum of $3,000. This is the substance of the declaration.

It is sufficient for the purposes of this demurrer to say:

1. This declaration does not show that the suits complained of are yet decided. It may on trial be shown and decided that the defendant has the right to maintain both these actions against plaintiff.

2. As a rule an action at law cannot be maintained for bringing even a false and fictitious action against a person. The commencement of a suit at law is an assertion of the right in a manner provided by law, and persons so commencing suits cannot be subjected to other actions or penalties by reason of their having done so, or for asserting or prosecuting what they claim as a legal right. The remedy of the party so sued is in defending the suit, and, if he is successful in his defense, he recovers costs, and sometimes damages. *Gorton* v. *Brown*, 27 Ill. 489; *Speer* v. *Skinner*, 35 Ill. 282; *Wetmore* v. *Mellinger*, 64 Iowa, 741, 18 N. W. Rep. 870.

It is clear from the allegations in this declaration that the plaintiff has attempted to bring this suit under the provisions of the act of congress entitled "An act to protect trade and commerce against unlawful restraints and monopolies," approved July 2, 1890, (26 St. p. 209.) But the injuries complained of are not such as give a right of action under this statute. Although this defendant, the American Preservers' Company, may be an illegal organization, it may have a valid right in the property replevied, as against plaintiff, and the right to sue and collect the $3,000 for which suit is brought. If, from difficulties growing out of the organization and management of the alleged trust, an altercation and quarrel had ensued between plaintiff and the other members or officers of the trust, and plaintiff had been assaulted by the persons he was so associ-

ated with, it is very clear he would have had no right of action under this statute. Further, it is not averred in the declaration that the goods manufactured by plaintiff are a subject of interstate commerce. Neither does it appear that the suits complained of had anything to do with the alleged contract in restraint of trade. Certainly, as it seems to me, until the decision of the suits complained of, plaintiff has sustained no damage for which he cannot be adequately compensated by the costs and damages to be awarded in the determination of those cases, if it shall be held there was no right of action. Can a party to an illegal contract bring suit? *Miller* v. *Ammon*, 12 Sup. Ct. Rep. 884, (decided by the supreme court May 16, 1892.) Do not deem it necessary to pass on that question at this time. The declaration is also fatally defective in not averring the citizenship of the parties to be such as gives this court jurisdiction. The demurrer is sustained.