BISHOP v. AMERICAN PRESERVERS CO. et al.

(Circuit Court, N. D. Illinois, N. D. October 19, 1900.)

No. 22,273.

MONOPOLIES—ANTI-TRUST LAW—ACTION FOR DAMAGES.

Section 7 of the anti-trust act (26 Stat. 209), giving to any person injured by any other person or corporation by reason of anything forbidden in the act the right to recover treble damages, does not authorize an action against an alleged trust corporation, by one who was a party to its organization and a stockholder therein, to recover damages resulting from the enforcement by defendant of rights given it by the alleged unlawful agreement.

On Demurrer to Amended Declaration.

Lynden Evans and Frederick Arnd, for plaintiff.

Moran, Mayer & Meyer, for defendants.

KOHLSAAT, District Judge. This matter comes on to be heard upon demurrer to the declaration herein as amended. A demurrer was sustained to the original declaration in 1892 by Judge Blodgett (51 Fed. 272), and the suit seems to have remained dormant since that year. The suit is for the purpose of recovering treble damages under section 7 of the Sherman act, the facts set forth in the declaration on which plaintiff seeks such recovery being substantially as follows: That plaintiff was prior to the year 1888 engaged in the business of manufacturing preserves, etc.; that in said year he entered into an agreement with certain of the defendants and others to form a trust or combination, which combination was subsequently formed, and to which he conveyed his said business; that defendant American Preservers Company was subsequently organized under the laws of the state of West Virginia for the purpose of acquiring title to the property controlled by said trust, and for the purpose of forming a channel through which said trust could purchase and control the business of plaintiff, and purchase and control the entire manufacture of preserves, etc., in the United States; that plaintiff was forced to execute a bill of sale of his said manufacturing plant and business to said American Preservers Company, but continued to conduct said business under the name and style of A. D. Bishop & Co.; that subsequently differences arose between him and the managers of said trust, and thereupon the said American Preservers Company brought a suit in replevin against plaintiff, and by means thereof obtained possession of plaintiff's entire plant, stock in trade, and business, and still retains the same. In the amended declaration it is averred that the products so controlled by said trust are products used in trade and commerce among the several states of the United States and with foreign nations, and that such products constitute articles of interstate commerce. It would seem that this case would come within the rules of law established by the supreme court in United States v. E. C. Knight Co., 156 U. S. 1, 15 Sup. Ct. 249, 39 L. Ed. 325, although it might be a debatable question as to whether or not the question could be determined on demurrer. However, I am of the opinion that the demurrer should

be sustained on the ground that the damage which plaintiff claims to have suffered is not of the nature contemplated in section 7 of the Sherman act, when considered in connection with the remaining sections thereof. Whatever damages plaintiff may have sustained in the premises are the result, not of the alleged unlawful combination, but of the exercise of the right, which every citizen possesses, to bring a lawsuit. There is another ground which might well be considered as placing plaintiff without the provision of said act, to wit, the fact that plaintiff was himself a party to the unlawful combination, and was injured by reason of his illegal connection therewith. The demurrer is sustained on the ground that the declaration as amended states no cause of action.