## WETMORE v. MELLINGER ET AL.

1. **Malicious Prosecution of Civil Action:** LIABILITY OF PLAIN-TIFF FOR DAMAGES TO DEFENDANT: RULE STATED. No action will lie for the recovery of the damages sustained by the institution and prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not nec-essarily result in all suits prosecuted to recover for like causes of action. But if the action is so prosecuted as to entail unusual hardship upon the defendant, and subject him to special loss of property or reputa-tion, or if his property be seized, or he be subjected to arrest, he ought to be compensated, and the law affords him a remedy. *Green v. Coch-ran*, 43 Iowa, 544, and *Moffatt v. Fisher*, 47 Iowa, 473, cited, and dis-tinguished from this case.

2. **Practice:** IN TRIAL AND SUPREME COURTS: ERRORS WITHOUT PREJ-UDICE NOT TO BE CORRECTED: RULE APPLIED. Under the provisions of §§ 2690 and 2836 of the Code, errors and defects in proceedings are not to be regarded or corrected, either in the court below or in this court, unless prejudice results therefrom to the rights of the parties complain-

ing thereof. Accordingly, in this case, where the petition and evidence of plaintiff did not show a right of recovery, but no objection was made in the court below on that ground, and the cause was tried by the defendants as if they conceded the sufficiency of the petition, or waived its insufficiency, and the court instructed the jury on the same theory, and there was a verdict for the defendants, *held* that, since the verdict gave plaintiff all that he was entitled to under his pleadings and evidence,—that is, nothing at all, though the court may have erred in rulings upon evidence and in giving instructions, it rightly disregarded these errors when raised on a motion by plaintiff for a new trial, and properly overruled the motion, and rendered judgment upon the verdict; and *held*, further, that, on appeal to this court, such judgment must be affirmed.

3. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF TRIAL COURT: RULE STATED AND APPLIED. This court will exercise every lawful presumption in favor of the judgment of the trial court. Accordingly, in the case above stated, it will be presumed, though the record fails to show it, that the court based its judgment on the ground that plaintiff's petition and evidence did not entitle him to any relief. Though such question does not appear of record to have been raised or passed upon by the court, yet it *may* have been raised by the defendants in argument against the motion for a new trial, and so would not appear of record.

SEEVERS, J., as to the last two points, *dissenting*.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, APRIL 9, 1884.

ACTION to recover damages sustained by reason of the malicious prosecution of a civil action by the defendants against the plaintiffs. There was a judgment upon a verdict for defendants. Plaintiff appeals. The facts involved in the questions ruled by the court are fully stated in the opinion.

*St. John & Williams* and *Newman & Blake*, for appellants.

*Poor & Baldwin* and *Hale & Houston*, for appellees.

BECK, J.—I. In an opinion heretofore announced in this case, we held that the judgment of the district court ought to be reversed. Upon the petition of defendants, a rehearing

was granted, and the cause was again argued and submitted.
We have reached a conclusion upon the re-argument differ-
ent from the decision announced in our former opinion, and
we will now proceed to state the grounds upon which it is
based.

The petition alleges that defendants brought an action
against plaintiff and his wife, charging in the petition that
they two conspired and confederated together to defraud
defendants, by representing to defendants, under the assumed
name of Baker, that they were the owners of certain lands
in Poweshiek county, which defendants were induced to pur-
chase of plaintiff and his wife, who, in such assumed name,
executed to defendants a warranty deed therefor; that, in an
action by one Woodward, a deed, purporting to be executed
by him to the Bakers, under which they claimed title to the
lands, was declared to be void, for the reason that it was
forged and fraudulent, and that plaintiff herein and his wife
well knew the condition of their title, and represented that
they were the owners thereof, for the purpose of cheating
defendants, and of obtaining money by false and fraudulent
pretenses, and did, in that manner, obtain the sum of $3,000
from defendants. It is further alleged that defendants here-
in served out a writ of attachment in the suit brought by
them, which was levied upon real estate owned by plain-
tiff's wife, and that defendants for a time prosecuted their
action, but finally dismissed it at their own costs. Plaintiff,
in his petition in this case, alleges that he was not indebted
to defendants in any sum at the time their action was
brought against him; that he was not guilty of the frauds
therein charged, and that the action was commenced and
prosecuted by defendants maliciously and without probable
cause. The defendants, in their answer, admit the com-
mencement of the suit, the issuing of the attachment, and
that it was levied upon real estate owned by plaintiff's
wife. There was no evidence showing, or tending to show,
that the writ of attachment was levied upon any property

owned by plaintiff. The wife of plaintiff does not join in this action.

We think the doctrine is well established by the great preponderance of authority that no action will lie for the institution and prosecution of a civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action.

**1. MALICIOUS prosecution of civil action: liability of plaintiff for damages to defendant: rule stated.**

See 1 Am. Leading Cases, p. 218, note to *Munn v. Dupont et al.*, and cases there cited; *Mayer v. Walter*, 64 Pa. St., 289; *Kramer v. Stock*, 10 Watts, 115; *Bitz v. Meyer*, 11 Vroom, 252, s. c., 29 Am. Rep., 233; *Eberly v. Rupp*, 90 Pa. St., 259; *Gorton v. Brown*, 27 Ill., 489; *Woodmansie v. Logan*, 2 N. J. L., 93, (1 Pen.); *Parker's Adm'rs v. Frambes*, Id., 156; *Potts v. Imlay*, 4 N. J. L., 330, (1 South.)

This doctrine is supported by the following considerations: The courts are open and free to all who have grievances and seek remedies therefor, and there should be no restraint upon a suitor, through fear of liability resulting from failure in his action, which would keep him from the courts. He ought not, in ordinary cases, to be subject to a suit for bringing an action, and be required to defend against the charge of malice and the want of probable cause. If an action may be maintained against a plaintiff for the malicious prosecution of a suit without probable cause, why should not a right of action accrue against a defendant who defends without probable cause and with malice? The doctrine surely tends to discourage vexatious litigation, rather than to promote it.

It will be observed that the statement of the doctrine we have made extends it no farther than to cases prosecuted in the usual manner, where defendants suffer no special damages or grievance other than is endured by all defendants in suits brought upon like causes of action. If the bringing of the action operates to disturb the peace, to impose care and ex-

Wetmore v. Mellinger et al.

pense, or even to cast discredit and suspicion upon the defendant, the same results follow all actions of like character, whether they be meritorious, or prosecuted maliciously and without probable cause. They are incidents of litigation. But if an action is so prosecuted as to entail unusual hardship upon the defendant, and subject him to special loss of property or of reputation, he ought to be compensated. So, if his property be seized, or if he be subjected to arrest by an action maliciously prosecuted, the law secures to him a remedy. In the case at bar, the pleadings and evidence show no such special damages. No action could be prosecuted to recover money fraudulently obtained, in which the defendant would not suffer the very things for which plaintiff in this case seeks compensation in damages.

Counsel for plaintiff, in support of their position that the action may be maintained, though no arrest of defendant or seizure of property be had in the proceeding alleged to have been maliciously prosecuted, cite *Green v. Cochran*, 43 Iowa, 544, and *Moffatt et al. v. Fisher*, 47 Id., 473. In the first case, the action alleged to be malicious was a proceeding for bastardy, which, under the statute, operated as a lien upon defendant's lands from the commencement. In the other case, the action which was the foundation of plaintiff's claim was forcible entry and detainer, and, before final disposition thereof, the defendant was ousted of possession of the land, whereon was a coal mine. In both instances the property of the respective defendants was reached by the proceedings. The facts of these cases are not within the rule we have stated, and do not support counsel's position.

II. Counsel for plaintiff argue that no objection was made in the court below based upon the ground that the pleadings and evidence in the case, as they appear in the record, fail to show the arrest of plaintiff, or the seizure of his property, or any special injury or grievance, and, therefore, that no question involving these matters can be passed upon by this

1. PRACTICE: in trial and supreme courts : errors without prejudice not to be corrected : rule applied.

court, under the familiar rule that we will not review questions that were not presented to and decided by the court below. We will now proceed to the consideration of this position of counsel.

Upon the pleadings and evidence, which we have stated with sufficient particularity, a verdict was had for defendants. Thereupon plaintiff moved to set aside the verdict, and for a new trial, for alleged errors committed by the court in admitting and excluding evidence, and in giving and refusing instructions. The motion was overruled, and judgment was entered upon the verdict. The objections urged by plaintiff to the judgment are based upon exceptions to the rulings upon the admission of evidence, and upon instructions, and the overruling of a motion for a new trial.

Code, § 2690, provides that "the court must, in every stage of an action, disregard any error or defect in the proceeding which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Section 2836 declares that "no exception shall be regarded in the supreme court, unless the ruling has been on a material point, and the effect thereof prejudicial to the rights of the party excepting."

Under these provisions, errors and defects in proceedings are not to be regarded or corrected, either in the court below or in this court, unless prejudice results therefrom to the rights of the party complaining thereof. By this expression, we mean that the party must be deprived by the judgment of a legal right, under which he is entitled to a remedy, bestowing upon him a real benefit. This is the effect of the language of the section first quoted, which declares that errors shall be disregarded which do not affect " the substantial rights " of the party, as well as the language of the other section, which provides that errors "not prejudicial to the rights " of the party shall not be regarded. The rights here referred to are such as pertain to remedies and relief to which the party is entitled by the law, or to defenses, which,

under the law, he may make to actions prosecuted against him. If the law secures to a plaintiff no remedy, and this be shown in an action, his substantial rights are not affected by denying him relief, and he suffers no prejudice if he be defeated in his suit. If, therefore, it appears that justice has been done in an action, and that a new trial would not result differently, a judgment will not be disturbed. See cases cited in Miller's Code, notes to § 2836. These rules are to be applied in every stage of an action, both in this court and the court below.

Now, if it appeared to the circuit court, upon the motion to set aside the verdict, that plaintiff, upon the pleadings and evidence in the case, was not entitled to judgment, and that judgment upon the verdict for defendant would be in accord with the law and with justice, that court was required to disregard all errors committed in the proceeding, and render judgment upon the verdict. So if, from the record, it appears to this court that, notwithstanding the alleged errors, justice has been done—that plaintiff, upon the pleadings and the evidence, is not entitled in law to recover in the action, we must disregard all errors committed at the trial, and hold that the circuit court rightly overruled the motion for a new trial, and rendered judgment upon the verdict. The record before us shows that, under the pleadings and evidence, plaintiff is not entitled to recover in this action. We must, therefore, disregard all errors complained of, as they do not affect the substantial rights of plaintiff.

III. But it is insisted that, as the record shows that no exceptions were taken in the court below to any rulings in relation to the defects in the pleadings and evidence, which operate to defeat plaintiff's action, and, as the record fails to show that any questions based thereon were made to, or passed upon by, the circuit court, they cannot be considered upon appeal in this court. We will now inquire whether this position be correct.

3. PRACTICE in supreme court : presumption in favor of trial court: rule stated and applied.

The record does not show that objections were made to the petition by demurrer. But the failure of the petition to allege the arrest of plaintiff, the seizure of his property, or other special cause of injury resulting from the prosecution of the suit, would not preclude the defect from being urged upon a motion in arrest of judgment, as the facts stated in the petition, without such allegations, do not entitle plaintiff to recover. Code, § 2650. Had the verdict been for plaintiff, defendants could have urged the objection to the petition by a motion in arrest of judgment, though no objection had before been made by demurrer. In that case, the record would, of course, have disclosed the objection and the rulings thereon.

The verdict being for defendants, they could not raise the objection by motion. But it cannot be that they were precluded from raising the objection upon plaintiff's motion in arrest. The defects in the petition and evidence were not cured by the verdict; and no reason can be assigned why objections based thereon cannot be urged in a proper way by defendants, whenever the plaintiff seeks to enforce his claim, as disclosed by the petition and evidence. This plaintiff attempted by his motion for a new trial. Defendants, then, were authorized to urge the objection upon the hearing of that motion. It constituted a valid ground for overruling the motion, for the reason that it appeared therefrom that plaintiff was not entitled to judgment, and the alleged errors in the case were, therefore, without prejudice. The objection, or rather the facts upon which it is based, constituted sufficient grounds to support the judgment. They, therefore, may have become *reasons* for the ruling of the court in entering judgment upon the verdict. But the grounds or reasons of the ruling were not made to appear of record, and the law does not require that they should so appear.

Under familiar rules prevailing here, we are required to exercise every lawful presumption in order to support the judgment of the court below. The record before us shows

that, under the pleadings and the evidence, plaintiff is not entitled to judgment, and that the judgment upon the verdict is in accord with the law, and settles justly the rights of the parties. We have shown that, notwithstanding the alleged errors in the record, the circuit court was authorized to enter judgment on the verdict. We will presume that the ruling of the court in entering judgment was based upon the ground that neither the petition nor evidence was sufficient to authorize plaintiff to recover, by reason of the defects herein pointed out.

· While it is true that the alleged errors appear in the record, it is also true that the record as clearly discloses the grounds upon which we are required to base the presumption supporting the judgment. It is also true that the record shows that the errors complained of were without prejudice to the substantial rights of plaintiff. In this view of the case, there can be no escape from the conclusion that the judgment of the circuit court ought to be affirmed.

As the conclusions we reach are decisive of the case, and the judgment finally settles the rights of the parties, it becomes unnecessary to consider other questions discussed by counsel.

AFFIRMED.

REED, J., took no part in the decision of this case.

SEEVERS, J., *dissenting*. Whether or not the petition states a cause of action, I deem it unnecessary and improper to determine. Conceding that it does, ʻthe question then is whether it can be presented for the first time in this court; or, if this be not so, then what evidence is there in the record that such question was presented to the circuit court? It has been held time and again that this court will not determine any question not presented to the court below; and it has also been repeatedly held that such question must affirmatively appear from the record, and that no other evidence is competent. The assertions and claims of counsel

must, of course, be disregarded. I do not mean that the reasons urged in argument must appear of record, or that none other can be urged here than those presented to the court below; but that the question we are asked to determine must have been presented to the district or circuit court.

It becomes essential to state with particularity the theory upon which this case was tried in the circuit court. No objection was made to the petition by either motion or demurrer. The answer did not set up as a defense that the plaintiff was not entitled to recover because no cause of action was stated in the petition; nor was it so objected during the introduction of the evidence. The instructions given are based on the theory that a cause of action was stated in the petition. No instruction was asked on any other theory. It is, therefore, apparent that the case was tried and submitted to the jury on the theory that, if the plaintiff had established the allegations of the petition, he was entitled to recover. There was a verdict for the defendants, and the plaintiff filed a motion for a new trial, on the grounds, *First*, that the court erred in the admission and rejection of evidence; *Second*, that the court erred in refusing certain instructions asked by the plaintiff; and, *Third*, that the court erred in the instructions given. The motion was overruled, and the plaintiff appealed.

The foregoing opinion is based on the thought that, when this motion was presented, it was competent for the court to overrule it on the ground that no cause of action was stated in the petition. Conceding this to be so, what evidence is there that any such reason ever was urged? The record forbids, in my judgment, that any such presumption should be indulged, but that, on the contrary, such a presumption only should be indulged as is consistent with the record.

This court is a court for the correction of errors in actions at law. Such errors are only those committed by the district or circuit court. It is not our province to correct errors or

mistakes of counsel, or those which have been waived by them.

When no objection is made to a petition by motion, demurrer or answer, all defects therein are deemed waived. Code, § 2650. It is true that this section further provides that, if the petition fails to state facts entitling the plaintiff to any relief whatever, advantage of such defect may be taken by motion in arrest of judgment. But in such case the party in fault has the right to file an amended pleading, and thus avoid the effect of the motion. Code, §§ 2842, 2843.

In this case, the objection that no cause of action was stated in the petition was undoubtedly waived. In a certain contingency, however, the right to present the objection to the court, notwithstanding the waiver, might arise, and that would be in case there was a verdict for the plaintiff. But, as the verdict was for the defendants, the waiver continued to exist; because the right to make the objection could, under the statute, only be made in case the verdict was for the plaintiff. If, under the pleadings and issues, the court had instructed the jury that the plaintiff could not recover because no cause of action was stated in the petition, and the defendants had obtained a verdict, this would have constituted reversible error. *Nollen v. Wisner*, 11 Iowa, 190. As I understand, there is no distinction in principle between the cited case and the one at bar. It is there said: "We suppose the only method by which the defendant could make available the insufficiency of the petition is, *First*, by demurrer; *Second*, by motion in arrest of judgment in the court below. Neither of these methods was adopted by him, nor did he prove any of the defenses which he had pleaded. Still he is discharged, and obtains a judgment against the plaintiff for costs. The plaintiff proves his cause of action as laid, but fails to get judgment. Now, how was this effected? Simply by the charge which the court gave. * * * The matter of this instruction is entirely outside of the pleadings and issues in the case."

I am unable to see that Code, § 2686, aids the conclusion reached in the foregoing opinion. There is no question made as to a variance between the allegations of the petition and the evidence introduced. Courts cannot dictate to a party as to the manner of trying his case, or what questions he shall or shall not present and have determined.

It is true that § 2690 of the Code provides that the court must in every stage of an action disregard any error or defect which does not affect the substantial rights of the adverse party. This section is evidently in aid of a party who commits the error or mistake. It was enacted for his benefit, and not for the benefit of his adversary. In this case, the mistake, if any there is, was committed by the plaintiff. Instead of disregarding it, such potent effect is given thereto as to deprive the plaintiff of a substantial right; and that is, the right to amend, and state, if he can, a cause of action.

It cannot be said that any error was committed or mistake made by counsel for the defendants. Certainly the failure to present the objection that no cause of action was stated in the petition by demurrer cannot be so regarded.

We have no doubt counsel deliberately took the course they did. The distinguished counsel for the defendants, no doubt, had a clear perception of the petition, and whether or not a cause of action was therein stated, and tried their case accordingly. Having so done, they should not now be permitted to have it tried in this court on any other theory.

Believing, as I do, that the foregoing opinion overrules the settled practice, and that great confusion and uncertainty will, at least for a time, exist as to the practice, is my excuse for the length of this dissent.