## WOOD v. McKEAN.

1. **Promissory Note:** GIVEN AS COLLATERAL SECURITY: TRANSFER BY HOLDER AFTER DUE AND AFTER PAYMENT OF DEBT: RECOVERY OF BY OWNER. Plaintiff was the holder of a promissory note, which he gave to his creditor as collateral security, and afterwards paid the secured debt, but neglected to take up the collateral note, and the creditor wrongfully transferred the note to defendant for value, and without notice of plaintiff's ownership, but after the note had matured:—*Held* that defendant, having taken the note after maturity, acquired no better title to it than the creditor had, and that plaintiff might pursue and recover it from defendant like any other personal property held without right or title against the true owner. See cases cited in opinion.

*Appeal from Linn District Court.*

FRIDAY, JUNE 6.

ACTION to recover possession of a promissory note, or the value thereof. The court directed the jury to find for the defendant, and the plaintiff appeals.

*G. W. Wilson,* for appellant.

*J. B. Young,* for appellee.

SEEVERS, J.—A rehearing having been granted on the application of the appellant, we proceed to make a determination of the case in the light of the additional arguments of counsel. The undisputed facts are that Nancy E. Thurston executed a promissory note payable to the order of the plaintiff, who executed his note to Twogood & Elliott for money borrowed of them. The plaintiff indorsed the Thurston note in blank, after it became due, and delivered the same to Twogood & Elliott as collateral security for the note he had given them. The latter note was paid, but afterwards Twogood & Elliott transferred the Thurston note for value to the defendant, who had no notice of the title or ownership of the plaintiff of the Thurston note, except such as may be implied by law because it was so transferred after maturity. Twogood & Elliott had no authority to sell or pledge the note. They received it for a special purpose, and at the time it was transferred to the defendant the note, as between the plaintiff and Twogood & Elliott, was the property of the former, and the question is whether the defendant by the transfer obtained any better title than Twogood & Elliott. If he did not, then the plaintiff was entitled to recover.

The title of the owner of personal property, or things movable, cannot be divested, except by his consent, or by operation of law. To this rule there are exceptions, arising out of the character of the property. Among these are bank notes,

checks payable to bearer, which pass by delivery and circulate as money, and drafts, bills, and negotiable promissory notes, transferred before maturity. But, if transferred after maturity for value and in due course of business, such drafts and promissory notes in the hands of the holder are subject to the equities existing between the maker and payee, which inhere in, or grow out of, the note. Now, do the same equities exist in favor of the true owner?—that is, can he recover it from the holder, as he could a horse or other personal property. In 1 Daniel on Negotiable Instruments, § 782, it is said: "In the fourth place, the holder, in order to acquire a better right and title to the paper than his transferrer, must become possesed of it before it is due,     *     *     * and, if it were not paid at maturity, it is then considered as dishonored, and, although still transferable in like manner and form as before, yet the fact of its dishonor, which is apparent from its face, is equivalent to notice to the holder, and he takes it subject to its infirmities, and can acquire no better title than his transferrer."

The late case of *Greenwell v. Haydon*, 78 Ky., 332, is like the case at bar, and it was there held that the owner did not acquire title to the note as against the owner. The opinion is well considered, and the authorities cited, commented on and explained. To the same effect are the cases of *Texas v. White*, 7 Wall., 700; *Vermilyea v. Adams Express Co.*, 21 Id., 138, and *Hinkley v. Union Pacific Railroad*, 129 Mass., 52. In the last case it is said: "It is an elementary principle of commercial law, that negotiable paper overdue carries with it on its very face notice of its defective title, sufficient to put the transferee on inquiry." In *Earhart v. Gant*, 32 Iowa, 481, it was held that an assignment of a note by the sheriff, under the statute, has the same effect as if made by the payee, and the holder acquires the same rights as if the note had been indorsed and transferred to him in due course of business, in accordance with the law merchant. The note in that case, as we understand, was

transferred before maturity, and it was held that the plaintiff was entitled to recover, unless the defendant established that the plaintiff had notice of the defense pleaded of mistake and fraud.

In the subsequent case of *McCormick v. Williams*, 54 Iowa, 50, the note was transferred by the officer after maturity, and it was held that his transferee acquired no title or interest in the note.

The authorities cited establish, we think, that a person who acquires a promissory note after maturity acquires no better right or title than the party had from whom he obtained it. And on principle we think this must be so. The purchase of paper by the indorsee must be in the usual course of business. By this is meant, according to the customs and usages of commercial transactions. If the paper is purchased before maturity, it is such a transaction. *Kellogg v. Curtis*, 69 Me., 212.

If paper is purchased after maturity, it is not in accordance with commercial transactions. It is then dishonored and regarded with suspicion, and, if the maker can then avail himself of equities and defenses, as he could not have done if the paper had been acquired before maturity, we are unable to see why the owner may not do so; that is, he may pursue it and recover it from any one in the same manner and to the same extent as he can other personal property.

REVERSED.