THE SUPREME LODGE AMERICAN PROTECTIVE LEAGUE
OF BALTIMORE CITY *vs.* CHARLES H. UNVERZAGT,
CHARLES A. BRUNER, and others.

*Corporation—Malicious prosecution—Insufficiency of Decla-
ration—Pleading—Demurrer.*

An action on the case was brought by a body corporate, in which
it was alleged in the declaration that the defendants wilfully
and maliciously, and without probable cause, instituted a suit
in equity for its dissolution, that in the bill filed in said suit the
defendants made many false, malicious, and slanderous allega-
tions against the plaintiff, and widely circulated the same for
the purpose of destroying the confidence of the public in the
plaintiff; that the defendants did in fact, in the manner afore-
said, injure the plaintiff; and that having taken no proof the
suit was dismissed by order of the Court. The Court below
sustained a demurrer to the declaration filed by the defendants,
and entered judgment in their favor. On appeal it was HELD:

That the declaration did not set forth a good and sufficient cause
of action. The allegations were too general; the plaintiff, being
a corporation, had no personal character to be injured by the
alleged slanderous allegations; it was not made to appear in
what manner such allegations affected its property; and, there
was no allegation that the property of the plaintiff was seized
or in any manner interfered with.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER,
ROBINSON, BRYAN, FOWLER, and MCSHERRY, J.

*Jacob J. H. Mitnick,* (with whom was *Harry C. Gaither,*
on the brief,) for the appellant.

*Louis Hochheimer,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellant brought an action on the case against the appellees in the Superior Court of Baltimore City, alleging in its *narr.* that it is a body corporate for social and beneficial purposes, and that the appellees wilfully and maliciously, and without probable cause, instituted a suit for its dissolution in the Circuit Court, No. 2, of Baltimore City.

The *narr.* further alleges, that in the bill filed by them in said suit, the appellees made many false, malicious, and slanderous allegations against the appellant, and widely circulated the same for the purpose of destroying the confidence of the public in the appellant. It is also alleged, that the appellees did in fact, in the manner aforesaid, injure the appellant, and that having taken no proof, the suit was dismissed by order of Court.

To this declaration the defendants demurred, and their demurrer having been sustained, and judgment having been entered in their favor, the plaintiff corporation has appealed.

The only question, therefore, presented by this record is the sufficiency of the declaration, and this involves a question about which there has been much conflict of authority in this country, namely, when and under what circumstances an action on the case lies for falsely, maliciously, and without probable cause bringing a civil suit.

At common law, an action on the case was given for all civil cases brought falsely, maliciously, and without probable cause.

Nor was the right to such action at all dependent upon an interference with either the person or property. But after the passage of the Statute of Marlbridge in the fifty-second year of Henry the Third, which gave costs to the defendant by way of damage against the plaintiff *pro falso clamore*, it was held that the malicious

prosecution of a civil suit without probable cause, was not good ground for an action on the case, unless there was an arrest of the person, or a seizure of property, or other special injury, which would not necessarily result in all suits prosecuted to recover for like causes of action. *Co. Lit.*, 161*a; Webster vs. Haigh*, 3 *Lev.*, 210; *Goslin vs. Wilcock*, 2 *Wilson*, 302; 3 *Chitty Bla.*, 126, *and note* 14; *Savill vs. Roberts*, 12 *Mod.*, 208; 14 *Am. and Eng. Encycl. of Law*, 32, *and cases there cited.*

In this country some of the States have adopted the common law doctrine as it existed in England before the enactment of the Statute of Marlbridge, and others adhere to the modern rule which has prevailed there since the passage of that statute.

In the case of *McNamee vs. Minke*, 49 *Md.*, 122, which was an action on the case for the malicious prosecution of an ejectment suit, we have fully adopted the latter doctrine, and the language there used,—the present Chief Justice delivering the opinion of the Court, disposes of this case : ''It is true, a party may be held liable for a false and malicious prosecution of either a criminal or civil proceeding ; but, when it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, as in the case of *Turner vs. Walker*, 3 *Gill & John.*, 377, or a groundless and malicious seizure of property, or the false and malicious placing the plaintiff in bankruptcy, or the like. In the case of *Goslin vs. Wilcock*, 2 *Wils.*, 302, which was an action for a malicious prosecution of a civil proceeding wherein the party was arrested, it was said by Lord CAMDEN, C. J., that 'There are no cases in the old books, of actions for suing where the plaintiff had no cause of action; but of late years, when a man is maliciously held to bail, where nothing is owing, or when he is maliciously arrested for a great

deal more than is due, this action has been held to lie, because the costs on the case are not sufficient satisfaction for imprisoning a man unjustly, and putting him to the difficulty of getting bail for a larger sum than is due.'" And again, "But if the plaintiff declares that he has been falsely and maliciously arrested, or that, by reason of a false claim maliciously asserted by the defendant, he was required to give bail, and upon failure he was detained in custody, or his property was attached, there the action lies, because of the special damage sustained by the plaintiff. It is not enough, however, for the plaintiff to declare generally that the defendant brought an action against him *ex malitia et sine causa, per quod* he put him to great charge, &c.; but he must allege and show the grievance specially. Otherwise parties would be constantly involved in litigation, trying over cases that may have failed upon the mere allegation of false and malicious prosecution."

Measured by the rules laid down in *McNamee and Minke* it is clear, we think, that the declaration does not set forth a good and sufficient cause of action. The allegations are too general.

The appellant, being a corporation, has no personal character to be injured by the alleged slanderous allegations, and it is not made to appear in what manner such allegations affected its property. *Mayor, &c., of Manchester vs. Williams,* 1 *Q. B. Div.,* 94, (*New Series,*) decided in 1891. Nor is there any allegation that the property of the appellant was seized or in any manner interfered with.

As early as 1816, in the leading case of *Potts vs. Imlay,* 4 *N. J. L.,* 330, the same general doctrine was announced and earnestly maintained. See *Bitz vs. Meyer,* 11 *Vroom, N. J.,* 252, citing and approving *Potts vs. Imlay;* see also, *Mayer vs. Walter,* 64 *Pa.,* 283; *Eberly vs. Rupp,* 90 *Pa. St.,* 259; *Muldoon vs. Rickey,* 103 *Pa. St.,* 110;

---

In Re Lee's Estate.

---

*Wetmore vs. Mellinger, et al.*, 64 *Iowa*, 741, and *Smith vs. Hintrager*, 57 *Iowa*, 109, where the same doctrine is announced.

It may be said, that in general an action like this does not lie unless there is a concurrence of,

First,—Falsehood in the demand;

Second,—Want of probable cause;

Third,—Malice in the defendant; and

Fourth,—Damage by arrest or imprisonment, seizure of property, bankruptcy proceedings, or the like.

It follows that the judgment appealed from will be affirmed.

It was suggested by the appellant, that if we should hold that the *narr.* is defective, we should remand the cause, so that by proper amendment it might be tried upon its "merits." But this is not a case, we think, which calls for the exercise of such discretion. Litigation of this character should be discouraged rather than promoted.

*Judgment affirmed.*

(Decided 7th June, 1892.)