Petrus Peterson, Appellant, v. Peregoy & Moore Co., Appellee.

MALICIOUS PROSECUTION:  Civil Actions—Bankruptcy Proceed-
1 ings Against Firm—Damage to Partnership Member.  Maliciously and without probable cause filing a petition in bankruptcy against a *partnership firm only*, with no seizure or threatened seizure of the individual property of the members of the partnership, affords no basis for an action for damages in favor of an individual member of the partnership, even though the petition alleged the names of such members.
BANKRUPTCY:  Jurisdiction and Course of Procedure—Partner-
2 ships and Members Thereof.  Principle recognized that a partnership and the individuals composing it are distinct legal entities, and proceedings in bankruptcy against one do not of necessity involve the other.

*Appeal from Pottawattamie District Court.*—O. D. Wheeler, Judge.

Wednesday, June 20, 1917.

To an amended and substituted petition of plaintiff a demurrer was interposed and sustained, and, as the plaintiff elected to stand on the ruling, judgment was entered dismissing the petition.  Plaintiff appeals.—*Affirmed.*

*Kimball & Peterson* and *Killpack & Northrop,* for appellant.

*Mayne & Green,* for appellee.

Ladd, J.—About March 25, 1915, the defendant and others filed a petition in bankruptcy against a firm known as "The Peterson Company," doing business at Weston, Iowa, and therein alleged that said company was a copartnership, was insolvent and

bankrupt, and that this plaintiff was a member thereof, and caused a subpoena to be issued on said petition and served on plaintiff, requiring him to appear in response thereto. About April 8, 1915, the matter came on for hearing before a referee in bankruptcy, and thereupon, plaintiff was finally discharged and held not to have been a member of said firm. In his amended and substituted petition, he alleged these facts, and that the defendant, in what it did, acted maliciously and without probable cause, and in pursuance of a conspiracy with others to wrong and injure plaintiff; that the latter had, for a long time prior to the filing of said petition, been engaged in the business of retail merchant at Weston, enjoyed a good line of credit with wholesale houses, amounting to $5,000, and, by use thereof, was enabled to keep up his stock and maintain his business, which was yielding an annual profit of $1,200 or $1,300 a year; that, by reason of the filing of said petition in bankruptcy, plaintiff lost time in preparing for the defense, and employed an attorney at an expense of $250; and that, in consequence of the charge of bankruptcy against said firm, and alleging plaintiff's membership thereof, his credit with wholesale houses with which he dealt was entirely destroyed, and he was forced out of business, all to his damage in the sum of $5,000, and he demanded judgment for sums named as actual and exemplary damages. A copy of the petition in bankruptcy was attached to the amended and substituted petition, and to this, the defendant filed a demurrer on several grounds:  (1) That the suit is for malicious prosecution of a civil action, and no seizure of property belonging to plaintiff is alleged; (2) that the damages alleged may not, in any event, be recovered; and (3) that there is no allegation in the petition in bankruptcy that plaintiff was insolvent or a bankrupt, the only allegation being that he was a member of The Peterson Com-

pany. The demurrer was sustained, and the only question is whether a cause of action was stated.

2. BANKRUPTCY:
jurisdiction
and course of
procedure:
partnerships
and members
thereof.

Conceding, without deciding, that an action for malicious prosecution may be maintained for maliciously filing a petition in bankruptcy without probable cause (26 Cyc. 14), such a petition was not filed against plaintiff. The petition was leveled against the partnership known as The Peterson Company only, and not against its members, the prayer being that it only be adjudged a bankrupt. Section 5 of the act of Congress approved in 1898 expressly authorizes such a proceeding against a partnership during its continuance in business or after its dissolution and before final settlement, irrespective of any adjudication against its individual members. *Strause v. Hooper*, 105 Fed. 590; *In re Meyer*, 98 Fed. 976 (39 C. C. A. 368).

Under the bankruptcy laws, a firm may be bankrupt and the individuals composing such firm solvent. *In re Sanderlin*, 109 Fed. 857; 5 Cyc. 413. Doubtless the members of the firm might be included with it in the petition, asking that all be found insolvent; but, before the individual members could be so found, in involuntary bankruptcy, one or more of the enumerated acts of insolvency must have been alleged and proven to have been committed by such members. *In re Meyer*, supra. And where no act of bankruptcy is charged against the members of a firm, and the proceedings are solely against the partnership as a legal entity, the individual members are not entitled to a discharge in bankruptcy. *In re Hale*, 107 Fed. 432.

Under the allegations of the petition in bankruptcy, then, plaintiff might not have been adjudged a bankrupt, and about the only purpose that could have been served by reciting in the petition who were members of the partnership was to identify it, and point out to whom the subpoena

should be issued, and upon whom it should be served. In any event, the plaintiff was not charged therein with being a bankrupt, nor was his property seized or threatened with seizure or sequestration. The case does not come within the rule of those sustaining actions for maliciously and without probable cause instituting bankruptcy proceedings. The most that can be said is that the allegation in the petition that he was a member of the firm was in the nature of a civil suit, without any interference or threatened interference with his property, and it is well settled in this state that an action for the malicious prosecution of a civil action such as this suit cannot be maintained. *Wetmore v. Mellinger,* 64 Iowa 741; *Smith v. Hintrager,* 67 Iowa 109; *White v. International Text Book Co.,* 156 Iowa 210.

As contended, there is a tendency to liberally construe actions as interfering with property in order to avoid a denial of this remedy (see *Luby v. Bennett,* 111 Wis. 613 [56 L. R. A. 261, 87 Am. St. 897]); but there is nothing in the case at bar justifying a departure from the doctrine of *Wetmore v. Mellinger,* supra. The authorities pro and con are reviewed in the case last cited, and in *Kolka v. Jones,* 6 N. D. 461 (66 Am. St. 615).

The ruling of the court in sustaining the demurrer has our approval, and the judgment is—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.