W. J. ANDERSON, Appellant, v. GEORGE A. HARTLEY, Appellee.

No. 43617.

DECEMBER 15, 1936.

A. B. Walter and Ray G. Walter, for appellant.

Campbell & Campbell and Clark & Clark, for appellee.

KINTZINGER, J.—The plaintiff in this action was the owner of certain land in Ida county which he leased to Mr. and Mrs. John Kaus for the term of one year beginning March 1, 1931. He transferred this lease to his wife, Mary J. Anderson, who,

in August, 1932, commenced a landlord's attachment proceeding in the district court of said county against the tenants for the rent alleged to be due, and under the attachment she levied upon all cattle and personal property upon the leased premises.

The defendant herein filed a petition of intervention in that proceeding alleging in substance that he was the owner of three chattel mortgages against certain cattle levied upon under the landlord's attachment, two of which were for the purchase price, and the third was one executed by Mr. and Mrs. Kaus to the First State Bank of Holstein, Iowa, and filed in September, 1927, and that the intervenor's liens on the property attached were prior and superior to the landlord's lien for rent. The petition of intervention also alleged that W. J. Anderson, the plaintiff herein, is the owner and holder of the real estate upon which the attached property was located, and that he assigned the lease in question to his wife for the purpose of defrauding this intervenor. Said petition of intervention also alleged that the said W. J. Anderson "through fraud, stealth and misrepresentation, procured a satisfaction of said mortgage and placed the same of record at his own expense."

Plaintiff predicates the present action upon the allegations contained in the petition of intervention charging plaintiff "W. J. Anderson, * * * the owner of said premises upon which all of said property is located," with having

"through fraud, stealth and misrepresentation, procured a satisfaction of said mortgage and placed the same of record at his own expense,"

and alleges that said allegations are false and untrue, and that as a result thereof he was damaged in the sum of $10,000.

Defendant demurred to plaintiff's petition because it shows that the allegations upon which he predicates his action are an extract from a pleading filed by this defendant in another judicial proceeding, then pending in said district court in an attachment proceeding commenced by plaintiff's wife in which this defendant filed a petition of intervention, and that the statements alleged to be contained therein as defamatory do not constitute a cause of action. This demurrer was sustained and judgment entered against plaintiff for costs. Hence the appeal.

Appellant contends that the court erred in sustaining the demurrer because the plaintiff herein was not a party to the rent

action, and because the words used in defendant's petition of intervention constitute malice per se and are not absolutely privileged.

The only question, therefore, presented in this case is whether or not the allegations charged as libelous in defendant's petition of intervention, pending in another judicial proceeding, are sufficiently privileged to bar an action for libel thereon.

Although defamatory words, used against another generally, subject the person uttering them to an action for libel or slander, exceptions to this rule apply where the alleged defamatory language is contained in a pleading in another judicial proceeding, and where the language used is pertinent and relevant to the issues made therein. These exceptions are based upon sound public policy, and are adopted because it would be a discouragement to litigants, and defeat justice, if they were to be subjected to prosecutions for allegations contained in pleadings filed therein. In such cases it is well settled that statements made by a party in the pleadings in such action are absolutely privileged and can give rise to no action for defamation. 17 R. C. L. 335 and 336; 36 Corpus Juris, 1253, secs. 229 and 230; Mass v. Meire, 37 Iowa 97; Hess v. McKee, 150 Iowa 409, 130 N. W. 375; Hawk v. Evans, 76 Iowa 593, 41 N. W. 368, 14 Am. St. Rep. 247; McGehee v. Insurance Co., (C. C. A.) 112 Fed. 853; Ash v. Zwietusch, 159 Ill. 455, 42 N. E. 854; Wilkins v. Hyde, 142 Ind. 260, 41 N. E. 536; Hart v. Baxter, 47 Mich. 198, 10 N. W. 198; Hartung v. Shaw, 130 Mich. 177, 89 N. W. 701; Hammer v. Forde, 125 Minn. 146, 145 N. W. 810; Jones v. Brownlee, 161 Mo. 258, 61 S. W. 795, 53 L. R. A. 445; McCormick v. Ford Mfg. Co., (Mo. Sup.) 232 S. W. 1010; Burgess v. Turle & Co., 155 Minn. 479, 193 N. W. 945. For a long list of cases supporting this rule, see note 60 in 36 Corpus Juris, 1253, and the annotation in 16 A. L. R. 746.

In Mass v. Meire, 37 Iowa 97, loc. cit. 98, this court said:

"The reason of the rule is that it would be a discouragement to suitors, and thus tend to defeat justice to subject them to prosecutions for matters alleged in their applications to the court."

"Defamatory matter contained in pleadings filed according to law in a court having jurisdiction, if relevant and pertinent to the issues in the case, is absolutely privileged; and it is imma-

terial that the allegations are false and malicious * * *." 36 Corpus Juris, 1253, Sec. 230.

This rule was followed in Hess v. McKee, 150 Iowa 409; loc. cit. 410, 130 N. W. 375, 376, where this court said:

"It is the general rule that libelous or slanderous matter published in the due course of judicial procedure is absolutely privileged and will not support an action for defamation, although made maliciously and with knowledge of its falsity. 25 Cyc. 376, and cases cited in notes; Myers v. Hodges, 53 Fla. 197, 44 So. 357; Newell on Defamation, Slander & Libel, 425; Story v. Wallace, 60 Ill. 51, * * * Mass v. Meire, 37 Iowa 97."

The statutes of this state permit the filing of a petition of intervention in a judicial proceeding. The defendant herein filed his petition of intervention after leave of court was obtained therefor. The alleged defamatory language relied upon in this action is that the defendant in his petition of intervention wrongfully charged W. J. Anderson, the plaintiff herein, with having "through the fraud, stealth and misrepresentation of said Anderson, satisfied the mortgage of record, for the purpose of defrauding this intervenor." This allegation, if established, was both relevant and pertinent to the issues involved in that action.

The statements in the petition of intervention that plaintiff made an assignment of the lease to his wife for the purpose of defrauding the intervenor is not complained of or denied by plaintiff herein. If the lease was assigned by plaintiff to his wife for the purpose of defrauding the intervenor, and if the mortgages held by the intervenor were, in fact, prior and superior to the landlord's lien, and were wrongfully procured to be released by the plaintiff, the statements complained of in the petition of intervention became and were relevant, pertinent and material to defendant's rights in that action, because plaintiff's wife, as holder of the lease, stood in the shoes of her husband, the plaintiff herein.

The exemption from prosecution exists, although the language used is in reference to a person not a party to the suit in which they are made. 36 Corpus Juris, 1253, Sec. 229; 17 R. C. L. 336; Jones v. Brownlee, 161 Mo. 258, 61 S. W. 795, 53 L. R. A. 445; Johnson v. Brown, 13 W. Va. 71.

"In order that matter alleged in a pleading may be privi-

leged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial. The fact that the person alleged to have been defamed in the pleadings is not a party to the proceedings has been held not to detract from the privileged character of the publication.'' 17 R. C. L. 336.

Our ruling upon the question involved in this action is controlled by the rule announced in Hess v. McKee, 150 Iowa 409, 130 N. W. 375, hereinabove referred to.

For the reasons hereinabove expressed, we are constrained to hold that the ruling of the lower court in sustaining defendant's demurrer to plaintiff's petition was correct, and its judgment is, therefore, hereby affirmed.—Affirmed.

PARSONS, C. J., and all Justices concur.