NITTERT WILBUR AALFS, appellant, v. NITTERT AALFS, appellee.

No. 48533.

(Reported in 66 N.W.2d 121)

SEPTEMBER 21, 1954.

REHEARING DENIED NOVEMBER 19, 1954.

Sifford & Wadden, of Sioux City, for appellant.

A. H. Bolton, of Sioux City, for appellee.

THOMPSON, J.—The question involved in the case before us is the right of the plaintiff to recover damages for the alleged malicious prosecution of a former action in which the present defendant, as plaintiff therein, sought to rescind a contract between himself and the present plaintiff, who was the defendant therein, and made certain charges of fraud and misrepresentation. The former action, after it had been pending for several months, was dismissed by the plaintiff therein before trial.

After the commencement of the instant action, the defendant filed a motion to dismiss, substantially upon the ground that the petition failed to state facts entitling the plaintiff to any relief. This motion was granted by the trial court, and judgment against the plaintiff was entered upon his election to stand upon the ruling.

It will be seen that the matter comes before us upon a question of pleading. The sole point involved is the right of the plaintiff to maintain his action for the claimed malicious prosecution of the first suit, brought against him by the present defendant. The plaintiff herein is a son of the defendant.

The petition which was dismissed alleged the filing of a petition by the appellee against the appellant in the District Court of Woodbury County, in which the appellee falsely, maliciously and without probable cause accused the appellant of having been guilty of fraud and of false and fraudulent misrepresentations, both individually and in conjunction with others, for the effective purpose of inducing the appellee to sell to appellant appellee's partnership interest in the Aalfs-Baker Manufacturing Company. It is further alleged that later the appellee filed an amended and substituted petition repeating and amplifying the charges and asking rescission of the contract of sale of appellee's interest in the company; that the charges were false and known by appellee so to be, and were made for the purpose of injuring appellant. The voluntary dismissal of appellee's action when the case was reached for trial is also pleaded.

Appellant's claimed damages, as set out in his petition, may

be summarized as follows: his reputation has been damaged, he has been humiliated and he has suffered and will suffer great mental pain, shame, anguish and distress; he has incurred expense in defending the action brought by appellee; he has been deprived of the free use of the assets of the Aalfs-Baker Manufacturing Company, the use and sale of said assets have been interfered with, he was unable to continue the operations of the company in the wholesale trade and he has been compelled to discontinue such operations and was compelled to sell at a loss certain goods; he was forced to restrict the manufacture of work clothing, the manufacturing business of the company, to contract manufacturing at a low margin of profit; and he could not obtain bank credit for his manufacturing operations. The petition alleged that appellee is reasonably worth more than $750,000; and prayed actual damages in the sum of $250,000, and punitive damages in a like amount.

The trial court having sustained the motion to dismiss, under well-settled rules we take all well-pleaded allegations of the petition as true. No claim is made that malice, falsity, and lack of probable cause, and the dismissal of the first suit were not properly pleaded. We have therefore the narrow but important question whether an action for malicious prosecution of a civil suit may be maintained where there has been no arrest of the person or seizure of the property, when damages such as are claimed here are pleaded.

█ I. There are two opposed lines of authority concerning the right to maintain suits for malicious prosecution of civil cases. In some jurisdictions the action will lie, apparently without qualification other than proof of malice and lack of probable cause and the termination of the former litigation in favor of the defendant therein. But substantially an equal number of courts hold no cause of action arises unless there has been an arrest of the person, seizure of the property, or special injury sustained. Iowa is found in this latter category. Appellant's counsel, while maintaining their action is properly within the exceptions noted and so maintainable even under the established law in this state, have directed our attention to the opposing line of authority, with the suggestion we may desire to re-examine our own holdings and, possibly, to align ourselves with the contra doctrine. We can

dispose of this thought by saying we are satisfied with the reasoning which we have considered sound in the past, and see no reason for changing the rule followed since the decision in Wetmore v. Mellinger, 64 Iowa 741, 18 N.W. 870, 52 Am. Rep. 465, in 1884. Briefly, the courts which think an action for malicious prosecution of a civil action should be permitted in all cases reason the law should provide a remedy for every wrong, and a litigant should not be permitted to bring suit with charges of fraud, deceit or other imputation of improper conduct against the defendant, such charges being knowingly false, malicious and without probable cause, without being required to respond in damages for the harm so wantonly done. The opposed position, which we have adopted and still believe sound, is that the courts should be open to all who think they have a just cause of action, and it would deter many honest litigants from asserting their rights if they knew they were to be penalized by a counteraction for damages based on alleged malice if for any reason they failed in winning their cause. This rule is identical in principle and in reasoning with that laid down in 53 C. J. S., Libel and Slander, section 104, pages 173 and 174:

"Defamatory matter contained in pleadings filed according to law in a court having jurisdiction, if relevant and pertinent to the issues in the case, is absolutely privileged; and it is immaterial that the allegations are false and malicious or are made recklessly and without probable cause and under cover and pretense of a wrongful or groundless suit."

We followed this rule in Mass v. Meire, 37 Iowa 97, 98, where we said: "It may be conceded that charges made in * * * a civil proceeding will not support an action for libel, though such charges, made under other circumstances, would be actionable. The reason of the rule is that it would be a discouragement to suitors, and thus tend to defeat justice to subject them to prosecutions for matters alleged in their applications to the courts."

In Hess v. McKee, 150 Iowa 409, 410, 130 N.W. 375, 376, is this: "It is the general rule that libelous or slanderous matter published in the due course of judicial procedure is absolutely privileged and will not support an action for defamation, although made maliciously and with knowledge of its falsity."

To the same effect is Anderson v. Hartley, 222 Iowa 921, 923, 924, 925, 270 N.W. 460. See also as bearing upon the question of privileged communications Ryan v. Wilson, 231 Iowa 33, 300 N.W. 707; Robinson v. Home Fire & Marine Ins. Co., 242 Iowa 1120, 49 N.W.2d 521; Robinson v. Home Fire & Marine Ins. Co., 244 Iowa 1084, 59 N.W.2d 776; and Mills v. Denny, 245 Iowa 584, 63 N.W.2d 222.

This rule is generally accepted and followed by the courts when they are considering allegedly libelous matters contained in pleadings. The privilege is absolute, without regard to malice, knowledge or lack of probable cause. The reasoning is strongly in point in suits brought for malicious prosecution of civil actions. Indeed, it is an anomaly to say that no action will lie for malicious statements contained in a pleading in a civil suit while at the same time permitting an action for malicious prosecution of the suit in which such statements were the gravamen, or at least a substantial and material part of the complaint. Such a rule would in effect destroy the absolute privilege against actions for libel because of charges made in a civil suit. The rule which Iowa and many other jurisdictions follow in denying a right to actions for malicious prosecution of civil suits, with certain exceptions not material here, is in itself a rule of privilege and is based upon the same reasoning which accords the privilege against libel actions above set out.

It may also be pointed out that if such actions are freely permitted, the result would be to encourage a vast amount of litigation. Thus, if A sues B, and loses, he might be subjected to a suit based on alleged malice in bringing the first action. But if B fails in his suit for malicious prosecution, we know no reason why A might not then bring his own action in turn, alleging malice and want of probable cause in B's suit; and so on ad infinitum. The jurisdictions which hold with the Iowa rule say that such suits should not be encouraged.

We quote from Abbott v. Thorne, 34 Wash. 692, 699, 76 P. 302, 305, 65 L. R. A. 826, 101 Am. St. Rep. 1021: "In this litigious age, when speculative lawsuits are rapidly multiplying, we think that considerations of sound public policy will not justify courts in announcing a doctrine which tends to encourage this character of litigation."

We agree with this thought, and adhere to the rule laid down in Wetmore v. Mellinger, supra, and following Iowa cases.

It may be that neither our own doctrine nor that of the opposing authorities is entirely satisfactory; but in the law, as in all human affairs, we rarely if ever have a choice between perfection and imperfection, but only between varying degrees of imperfection. The rule of the Wetmore case has not only been the established law of Iowa for seventy years, but we believe it preferable.

II. Wetmore v. Mellinger, supra, is a leading case on the question involved here. It has been widely quoted and followed in other jurisdictions which follow the Iowa rule. The gist of the holding is this (page 744 of 64 Iowa): "We think the doctrine is well established by the great preponderance of authority that no action will lie for the institution and prosecution of a civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action."

No claim is made that there had been any arrest of the person or seizure of the property of the appellant. We agree with the able counsel for appellant when they say, in urging their contention that the action can be maintained where special injury is shown, even though there be no use or abuse of process: "This is the nub of this appeal." We must decide whether the allegations of damage pleaded by the appellant brought him within the scope of the "special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." The court in the Wetmore case did not further elaborate upon what would be a "special injury" not common to all similar suits. Nor is the question much discussed by other courts which follow the same rule as Iowa. However, we find in 34 Am. Jur., Malicious Prosecution, section 11, under the subheading "Special Injury", the following instances in which special injury has been found to exist: where the plaintiff was arrested and held to bail in civil process; where his property was seized by garnishment or attachment; where there

was an interference with property or its use by injunction; where proceedings were brought to dissolve and terminate a partnership which kept plaintiff out of possession of his property; where summary process issued to dispossess a tenant, who was compelled to give bond to retain possession; and where the proceeding was in forcible entry and detainer. (See Kuiken v. Garrett, 243 Iowa 785, 800, 801, 51 N.W.2d 149, 158, 159.) To these may be added malicious institution of proceedings in bankruptcy; but this is for the reason that from the time of the filing of the petition the property of the alleged bankrupt is said to be regarded as in custodia legis. Vancouver Book & Stationery Co. v. L. C. Smith & Corona Typewriters, 9 Cir., Ore., 138 F.2d 635, 637; Slattery v. Dillon, 9 Cir., Ore., 17 F.2d 347, 348. In 54 C. J. S., Malicious Prosecution, section 12, pages 964, 965, the rule is thus stated:

"In many states * * * no action will lie for the institution or prosecution of a civil action maliciously and without probable cause where there has been no arrest of the person or seizure of the property of the defendant and no special injury sustained which would not ordinarily result in all suits prosecuted to recover for like causes, *as where there has been no interference by arrest, attachment, replevin, injunction, receivership, or other provisional remedy."* (Italics supplied.)

Wetmore v. Mellinger, supra, throws some light upon our problem. The original action there had been brought by Mellinger to recover a sum of money which he alleged the plaintiffs had secured from him by conspiracy and fraud. We said (page 745 of 64 Iowa): "No action could be prosecuted to recover money fraudulently obtained, in which the defendant would not suffer the very things for which plaintiff in this case seeks compensation in damages."

Muldoon v. Rickey, 103 Pa. 110, 112, 113, 49 Am. Rep. 117, is also helpful in determining the issue of what constitutes special injury within the meaning of the rule. There an action of ejectment had been brought which failed, and the resulting suit for malicious prosecution was under consideration by the court. It said:

"The action of ejectment temporarily clouds the title to the property in controversy, and so may for the time prevent a sale of or mortgage upon it. But a damage of this kind is not more direct than that resulting from the expenses, loss of time, and often loss of credit, arising from the ordinary forms of legal controversy. All are troublesome, expensive and often ruinous, and if for such damage the action of case could be maintained, there would be no end of litigation, for the conclusion of one suit would be but the beginning of another. It has, therefore, been wisely determined that for the prosecution of a civil suit, however unfounded, where there has been no interference with either the person or property of the defendant, no action will lie."

This was quoted with approval and followed in Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 350, 32 A.2d 413, 415.

In Johnson v. Walker-Smith Co., 47 N. M. 310, 142 P.2d 546, it was alleged defendant had brought a previous action against plaintiff maliciously and without cause, the action terminating favorably to plaintiff; said suit had been given publicity in the credit bulletin and plaintiff's credit had been injured. The New Mexico Court said (page 316 of 47 N. M., page 550 of 142 P.2d): "If the bringing of the action operates to impose care and expense, or even to cast discredit and suspicion upon the defendant, the same results follow many actions of like character, whether meritorious or not. They are uncompensated burdens of litigation."

Cincinnati Daily Tribune Co. v. Bruck, 61 Ohio St. 489, 56 N.E. 198, 76 Am. St. Rep. 433, was an action in which the company alleged that Bruck, a stockholder, had maliciously and without probable cause commenced a suit against it for dissolution, and asking the appointment of a receiver on the false averment that it was insolvent. It was charged the action worked great injury to the credit of the company, prevented a sale of its property then being negotiated, and otherwise greatly embarrassed it in carrying on its business. The Ohio Supreme Court held no cause of action was stated.

The appellant relies upon and quotes from Luby v. Bennett, 111 Wis. 613, 87 N.W. 804, 56 L. R. A. 261, 87 Am. St. Rep. 897.

Here an action had been brought for dissolution of a partnership, which proved to be unfounded, and the Wisconsin Supreme Court held a suit for its malicious prosecution would lie. Appellant now urges that a suit for dissolution of a partnership is not different in effect from, and does no more harm than, the one brought by appellee here, which was to rescind a sale of his interest to appellant. But here appellant overlooks the fact that in the Wisconsin case the original plaintiff procured the appointment of a receiver for the partnership property, by means of which Luby was deprived of his right to possession. Procuring the appointment of a receiver is generally recognized as a "special injury" or seizing of the property. The distinction apparent in the Luby case is pointed out in Myhre v. Hessey, 242 Wis. 638, 9 N.W.2d 106, 150 A. L. R. 889.

In Rivers v. Dixie Broadcasting Corp., 88 Ga. App. 131, 76 S.E.2d 229, it was alleged the defendant had by maliciously protesting the grant of a permit from the Federal Communications Commission to the plaintiff delayed the granting of such permit to the plaintiff, whereby plaintiff was prevented for several months from getting his proposed broadcasting station into operation. The Court of Appeals of Georgia, an intermediate appellate court, held this allegation a pleading of "special injury." Georgia is one of the jurisdictions which seems in general to follow the same rule as Iowa; and appellant cites and relies upon this holding. It is of interest to note that the Georgia Supreme Court had previously held, in the same case, upon an allegation that the construction of the radio station had been delayed by the protest filed, that no cause of action was stated. It was there alleged the permit had been granted by the Federal Communications Commission before the filing of the protest, the implication being that the plaintiff had been delayed in construction only by the danger of a withdrawal of the permit. The Georgia Supreme Court held a general demurrer to the petition of the plaintiff should have been granted. Dixie Broadcasting Corp. v. Rivers, 209 Ga. 98, 70 S.E.2d 734. The holding seems to have been that the mere threat of a reversal of the commission's ruling was not sufficient to make a case of "special injury." Rivers then amended his petition to allege

the permit had not been granted, but was withheld pending disposition of the Dixie Corporation's protest. We think the facts in the first case, which was decided by the Georgia Supreme Court, are much closer to those in the cause before us. At the most, the appellee's action for rescission here placed no lien upon appellant's property; there was only the threat or danger of a successful prosecution of the action to prevent appellant disposing of or handling his property as he saw fit. His title was "temporarily clouded" (see Muldoon v. Rickey, supra); it is possible his credit may have been impaired (see Johnson v. Walker-Smith Co., supra), or a sale of the property may have been impeded (see Cincinnati Daily Tribune Co. v. Bruck, supra).

But these are incidents which would attach to any suit for rescission of a contract of sale, either of real or personal property. To hold that no such suit may be brought without incurring the risk, in case of failure, of a following action for malicious prosecution would be to deter many litigants from resorting to the courts to assert what they believe to be their just rights and to obtain remedies to which they might be entitled. Wetmore v. Mellinger, supra, at page 744 of 64 Iowa. See also Smith v. Hintrager, 67 Iowa 109, 24 N.W. 744; White v. International Text Book Co., 156 Iowa 210, 136 N.W. 121, 42 L. R. A., N. S., 346; Peterson v. Peregoy & Moore Co., 180 Iowa 325, 163 N.W. 224; Schwartz v. Schwartz, 366 Ill. 247, 8 N.E.2d 668, 112 A. L. R. 325; Smith v. Michigan Buggy Co., 175 Ill. 619, 51 N.E. 569, 67 Am. St. Rep. 242; Wegefarth v. Wiessner, 134 Md. 555, 107 A. 364, 6 A. L. R. 396; Rieger & Co. v. Knight, 128 Md. 189, 97 A. 358, L. R. A. 1916E 1277; Supreme Lodge American Protective L. v. Unverzagt, 76 Md. 104, 24 A. 323; and Bitz v. Meyer, 40 N. J. L. 252, 29 Am. Rep. 233.

In Melvin v. Pence, 76 App. D. C. 154, 130 F.2d 423, 143 A. L. R. 149, cited by appellant, the defendant had instituted proceedings before the licensing authorities of the District of Columbia which resulted in a refusal of a license to plaintiff, a private detective. On appeal he was granted a license; but for an interval he was without it and so denied the opportunity of practicing his trade. The United States Court of Appeals for the District of Columbia held special damage had been shown

and the action would lie. Here again an absolute bar had been placed across plaintiff's path, and he was precluded from operating his business. The case is distinguishable from the one before us, where the disadvantages under which the appellant says he labored because of the suit brought by appellee were only those which would accrue from any similar action for rescission. We are unable to find any "special injury" pleaded by appellant which would not necessarily result in all suits prosecuted to recover for like causes of action. Even a suit on a promissory note, or on an account, will likely result in damage to the credit of the defendant, and if he be engaged in business may well do it serious injury. All the more if charges of fraud are made; yet we have said that charges of fraud are not in themselves sufficient to show "special injury." Wetmore v. Mellinger, supra, page 745 of 64 Iowa.

Here there was an action for rescission of a contract supported by charges of fraud and misrepresentation. The form of action is not uncommon, and serious consequences to the defendant in such an action are not difficult to visualize. But they are not peculiar to the defendant in the first case, the appellant here. They inhere in the very nature of the action. Following the rule laid down in Wetmore v. Mellinger, supra, we hold there was no "special injury" shown by appellant's petition, and the trial court properly dismissed it.—Affirmed.

GARFIELD, C.J., and BLISS, LARSON, SMITH, and WENNERSTRUM, JJ., concur.

MULRONEY and HAYS, JJ., dissent.

MULRONEY, J. (dissenting)—I respectfully dissent. There is authority for the holding of the majority opinion but I think that holding represents the minority view. In the note in 150 A. L. R., page 899, it is stated:

"In what is at least a numerical majority of the jurisdictions, it has been held that an action of malicious prosecution will lie for the institution of a civil action maliciously and without probable cause, even though there has been no interference with the person or property of the defendant in the original suit and no special injury is shown."

Cases from some twenty jurisdictions are cited as supporting the above view. I would be the last to criticize any holding merely because it is not supported by the majority of the jurisdictions, but when one analyzes the reason giving rise to the rule that the action will not lie, the fact that a majority of the jurisdictions holds it will becomes important. What is the reason given in the opinions holding no action will lie for maliciously bringing a groundless civil action when there has been no interference with the person or property of the defendant? The reason should be good for there is almost no place in the administration of justice for immunizing a wrongdoer against his maliciously inflicted harm. And let no one think the mere bringing of a civil suit cannot result in harm to the defendant even though there is no interference with his person or property. The simple illustration of the groundless suit against the food merchant for damages for selling adulterated food, or the groundless suit against the doctor for malpractice; suits that are to be dismissed when trial day comes, will serve to show the harm that can be perpetrated under the majority opinion here. And yet the reason given for protecting the plaintiffs who might maliciously bring such suits is a rule of expediency. It is the reason stated in the majority opinion here: "that the result would be to encourage a vast amount of litigation." That is why the fact, that the rule that no action will lie is not followed in most jurisdictions, is important. The only reason ever advanced was a prediction which apparently has not come to pass in most jurisdictions. Chief Justice Corliss in the leading case on this subject, Kolka v. Jones, 6 N. D. 461, 468, 71 N.W. 558, 561, 66 Am. St. Rep. 615, struck down the reason for the rule in this strong language:

"When the argument of expediency is advanced, it suffices to reply to it by pointing to those states in which it has long been the rule that an action will lie for the malicious prosecution of a civil action without probable cause. There we find no legislative change of this rule. Nor have the courts in those states made haste, because they have discovered its impolicy, to overrule a doctrine which, it has been predicted by other courts that have refused to adopt it, would clog and choke the

channels of litigation with a multiplicity of suits springing up as each case was decided in favor of the plaintiff or the defendant. These forebodings have not been realized. Nor, in our judgment, had they ever any foundation in reason or a knowledge of human nature. The suitor who has sustained the burden of one action will not assume the expense of a second suit unless he has a strong guaranty that he can convince a jury that the original action was instituted maliciously and without probable cause."

I see no force in the other argument advanced in the majority opinion here, based on the absolute privilege when libelous matter is published in a pleading. Because one is privileged to libel another in an action brought to secure adjudication of a claim, he should not be privileged to maliciously injure another when the entire action is maliciously brought for a purpose other than securing adjudication of the stated claim.

I think it is of interest to note that the view taken by the majority of the jurisdictions is also the view taken by the American Law Institute.

In Restatement, Torts, volume 3, section 674, the rule stated is: "One who initiates * * * civil proceedings against another is liable to him for the harm done thereby, if * * * the proceedings are initiated * * * without probable cause, and * * * primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based * * *."

The above statement of the rule must be considered as the product of expert legal opinion. It was one of the objectives of the Institute to resolve irreconcilable conflicts that had developed solely by judicial opinions and state the rule of law that would promote the better administration of justice.

It is also of interest to note that in some jurisdictions where the minority rule obtains, the courts liberally construe actions as interfering with property, in order to avoid denial of the remedy, and generally it can be said the remedy is not denied when the wrongdoer is charged with maliciously bringing successive groundless suits and later dismissing them. See 54 C. J. S., Malicious Prosecution, section 12, pages 965, 966, and

cases cited. In our opinion in Peterson v. Peregoy & Moore Co., 180 Iowa 325, 328, 163 N.W. 224, 225, we said: "As contended, there is a tendency to liberally construe actions as interfering with property in order to avoid a denial of this remedy."

Under the facts alleged in the petition, all admitted by the motion, there was, again in the language of Chief Justice Corliss, "a malicious perversion of legal remedies" that resulted in harm to the defendant (page 467 of 6 N. D., page 560 of 71 N.W.). The plaintiff in this suit assumes the heavy burden of proving those facts. I think his action here should lie. I would overrule the old case of Wetmore v. Mellinger, 64 Iowa 741, 18 N.W. 870, 52 Am. Rep. 465, and follow the rule of the majority of the jurisdictions, and the rule of the Restatement, Torts, supra. I would reverse.

HAYS, J., joins in this dissent.