Wilkins *v.* Hyde *et al.*

---

Filed October 11, 1895.

No. 17,232.

## WILKINS *v.* HYDE ET AL.

LIBEL.—*Petition by Board of Children's Guardians for Custody of
Child.—Privileged Act.*—A petition under section 3189, R. S, 1894,
authorizing the board of children's guardians to file a petition,
whenever they have probable cause to believe that the parents of
any child less than fifteen years old are of "low and gross de-
bauchery," is privileged and cannot be made the basis of a libel suit.
(See note at end of opinion )

From the Marion Circuit Court.

*Julian & Julian*, for appellant.

JORDAN, J.—Appellant instituted this action against
the appellees to recover the sum of five thousand dollars
as damages for an alleged libel.

The court sustained a demurrer to the complaint, and
appellant electing to stand upon her said pleading, judg-
ment was thereupon rendered against her for costs.  By
her assignment of error, she calls in question the ruling
of the court upon the demurrer.  A brief summary of
the facts is  that the appellees are members of, and con-
stitute, the  board of children's guardians of Marion
county.  On the 25th day of June, 1891, as members
of this board, they filed their petition in the Marion
Circuit Court for the purpose of obtaining the custody
of appellant's children.  The alleged libel is based upon

the following words and matter, written and embraced in said petition, to-wit : ''That she (appellant therein named) neglects her children and leads a life of low and gross debauchery, and the associations of said children are such as tend to their corruption and contamination.'' It is averred that the defendants by these words meant to and did charge that the plaintiff was destitute of virtue, and, in fact, a common ''prostitute.''

The board of childrens' guardians is created by an act of the Legislature, approved March 9, 1889 (Acts 1889, p. 261).  Section 3 of this act as amended, and in force March 9, 1891 (section 3189, R. S. 1894), provides that whenever this board shall have probable cause to believe that any child under fifteen years of age is abandoned, neglected or cruelly treated by its parent or parents, or that the latter are of low and gross debauchery, etc., such board shall file its petition in the circuit court setting forth such facts.  It is further provided therein that notice shall be given to said parent or parents of the filing of the petition, and upon the hearing thereof by the court, if the facts are found to be true, the custody of the children in question shall be committed to said board.  It is well settled, by many authorities, that there are occasions upon which words may be spoken or written of a person, whereby the implication of malice, which ordinarily arises from the words themselves, is destroyed.  Among this privileged class or occasion is a proceeding in due course of law.  No actual malice is shown in the complaint, but it appears that the words were written and published in a petition expressly authorized by statute, to be filed in a proceeding in court, and that the alleged libelous words were but the statutory grounds, which if found to exist, would warrant the court, under this statute, to award the custody of appellant's children to said board.  It is

obvious, therefore, that appellant's alleged cause of action arose out of a proceeding in court in a matter expressly sanctioned by the statutes of the State, and comes broadly within the rule to which we have referred.

The reason upon which the rule is founded is the necessity of preserving the due administration of justice. As to whether the charge be true or false, or whether it be sufficient or not to effect the object in view, if it be made in the due course of a judicial or legal proceeding, it is privileged and cannot be made the basis of an action for defamation of character. *Hartsock* v. *Reddick*, 6 Blackf. 255, 38 Am. Dec. 141 ; *Hastings* v. *Lusk*, 22 Wend. 410, 34 Am. Dec. 330, and authorities cited in note to this last case ; *Strauss* v. *Meyer*, 48 Ill. 385.

If the contention of the appellant could be sustained, the purpose of the statute providing for the change of the custody of the children of dissolute parents would be virtually destroyed, as the members of the board would be slow to act if every unsuccessful prosecution of a petition filed would subject them to an action for damages. The complaint did not state a cause of action, and the demurrer thereto was properly sustained.

Judgment affirmed.

Filed October 11, 1895.

NOTE.—The authorities on the question whether or not defamatory words in a pleading will sustain an action of libel are found in a note to *Randall* v. *Hamilton* (La.), 22 L. R. A. 649.