

**FILED**

Apr 15 2015, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Dale Arnett
Winchester, Indiana

ATTORNEYS FOR APPELLEE

Alan S. Townsend
Bradley M. Dick
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Norman Wagler, Nathan Wagler, and Janet Wagler, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> West Boggs Sewer District, Inc., <br><br> *Appellee-Plaintiff* | April 15, 2015 <br><br> Court of Appeals Case No. 14A05-1406-PL-281 <br><br> Appeal from the Daviess Circuit Court <br><br> The Honorable Mark R. McConnell, Special Judge <br><br> Trial Court Case Nos. 14C01-0902-PL-62 and -64 |

**Crone, Judge.**

## Case Summary

[1]  In February 2009, West Boggs Sewer District, Inc. ("West Boggs"), filed complaints against Norman Wagler and Nathan and Janet Wagler (collectively "the Waglers"), seeking to require them to connect their respective properties to its sewer system pursuant to Indiana Code Section 8-1-2-125. The statute

provides that a not-for-profit public sewer utility, such as West Boggs, may require a property owner to connect to its sewer system if there is an available sanitary sewer within three hundred feet of the property line. Norman entered into an agreed judgment with West Boggs, pursuant to which he agreed to connect to the sewer system. The trial court issued a judgment against Nathan and Janet ordering them to connect to the sewer system. Norman filed a motion to set aside the agreed judgment, which the trial court denied, and he appealed. Nathan and Janet also appealed the judgment against them. The Waglers unsuccessfully litigated their appeals all the way to the U.S. Supreme Court, which denied certiorari in 2014.

[2] The trial court issued two contempt orders against Norman and two contempt orders against Nathan and Janet based on their failure to comply with the judgments requiring them to connect to the sewer system. Norman appealed the second contempt order against him, and Nathan and Janet appealed the second contempt order against them. These appeals have been consolidated.

[3] On appeal, the Waglers do not challenge the trial court's findings of contempt. Instead, they claim that a 2012 amendment to Indiana Code Section 8-1-2-125 exempts them from having to connect to the sewer system. We conclude that this is an impermissible collateral attack on the underlying judgments and therefore summarily affirm the contempt orders. West Boggs contends that it is entitled to recover appellate attorneys' fees from the Waglers pursuant to Indiana Appellate Rule 66(E) because of the frivolousness and vexatiousness of

their appeal. We agree and therefore remand for a calculation of appellate attorneys' fees to which West Boggs is entitled.

## Facts and Procedural History

### *West Boggs v. Norman*

In February 2009, West Boggs filed a complaint against Norman, seeking to require him to connect to its sewer system per Indiana Code Section 8-1-2-125. In March 2011, the trial court approved an agreed entry and judgment, pursuant to which Norman agreed to connect to the sewer system at his own cost within 90 to 120 days and to be held in contempt if he failed to do so. In April 2011, West Boggs filed a motion for rule to show cause, asking that Norman be held in contempt for failing to comply with the agreed entry and judgment. In May 2011, Norman filed a motion to set aside the agreed entry and judgment pursuant to Indiana Trial Rule 60(B).

In October 2011, the trial court issued an order holding Norman in contempt, finding that he "willfully and intentionally failed to comply" with the agreed entry and judgment and directing him to pay $300 in attorneys' fees and a fine of $5 per day if he did not connect to the sewer system within sixty days. Appellants' App. at 228. Norman did not appeal that order. The trial court also issued an order denying Norman's Trial Rule 60(B) motion, which Norman appealed. This Court affirmed, *Wagler v. W. Boggs Sewer Dist., Inc.*, 980 N.E.2d 363 (Ind. Ct. App. 2012) ("*Wagler I*"), the Indiana Supreme Court

denied transfer, 989 N.E.2d 338 (Ind. 2013), and the U.S. Supreme Court denied certiorari, 134 S. Ct. 952 (2014).

In December 2012, West Boggs filed a second motion for rule to show cause, asking that Norman be held in contempt for failing to comply with the agreed entry and judgment. At a hearing on the motion, Norman admitted that he knew that he had been ordered to connect to the sewer system and that he was in contempt of court. In May 2014, the trial court issued a second order holding Norman in contempt, directing him to pay a fine of $4390 plus the $300 in attorneys' fees required by the previous order and an additional $400 in attorneys' fees. The order also directed West Boggs to connect him to the sewer system within sixty days. Norman appealed and filed a motion to stay enforcement in the trial court, which was denied. Norman then filed a similar motion with this Court, which also was denied.

## *West Boggs v. Nathan and Janet*

In February 2009, West Boggs filed a complaint against Nathan and Janet, seeking to require them to connect to its sewer system per Indiana Code Section 8-1-2-125. In October 2011, after a bench trial, the trial court issued an entry and judgment against Nathan and Janet, requiring them to connect to the sewer system at their own expense within 120 days and warning them that failure to comply could result in contempt or other sanctions. Nathan and Janet appealed the entry and judgment, and their appeal was consolidated with Norman's. This Court affirmed, the Indiana Supreme Court denied transfer, and the U.S. Supreme Court denied certiorari.

[8] In May 2012, West Boggs filed a motion for rule to show cause, asking that Nathan and Janet be held in contempt for failing to comply with the entry and judgment. The contempt proceeding was delayed and ultimately stayed pending the appeal. In January 2014, the trial court issued an order holding Nathan and Janet in contempt, finding that they had "willfully disobeyed" the entry and judgment, and directing them to pay $300 in attorneys' fees and a fine of $5 per day if they did not connect to the sewer system within sixty days.

[9] In March 2014, West Boggs filed a motion to enforce order on rule to show cause. At a hearing on the motion, Nathan admitted that he did not follow the entry and judgment and was in contempt. In May 2014, the trial court issued a second order holding Nathan and Janet in contempt and directing them to pay a fine of $275 plus the $300 in attorneys' fees required by the previous order and an additional $300 in attorneys' fees. The order also directed West Boggs to connect them to the sewer system within sixty days. Nathan and Janet appealed and filed a motion to stay enforcement in the trial court, which was denied. They then filed a similar motion with this Court, which also was denied. Nathan and Janet's appeal was consolidated with Norman's appeal.

## Discussion and Decision

[10] The Waglers are appealing from the trial court's orders finding them in contempt, or willful disobedience, of the original judgments requiring them to connect to West Boggs's sewer system. *See Winslow v. Fifer*, 969 N.E.2d 1087, 1093 (Ind. Ct. App. 2012) (defining civil contempt as "the willful disobedience of any lawfully entered court order of which the offender has notice."), *trans.*

*denied* (2013). But, as West Boggs points out, "one would not know this by reading their Appellants' Brief. Instead, one would get the impression that this was a direct appeal of the Judgments." Appellee's Br. at 7-8. Indeed, rather than arguing that they did not willfully disobey the judgments, the Waglers claim that they should not be required to connect to the sewer system pursuant to the retroactive application of a 2012 amendment to Indiana Code Section 8-1-2-125.[1] This is an impermissible collateral attack on the original judgments.

[11] "Collateral attack of a previous order is allowed in a contempt proceeding only if the trial court lacked subject matter or personal jurisdiction to enter the order." *Martin v. Martin*, 771 N.E.2d 650, 653 (Ind. Ct. App. 2002) (citation omitted). The Waglers make no such claim. "Even an erroneous order must be obeyed unless and until reversed on appeal. A party's remedy for an erroneous order is appeal; disobedience of the order is contempt." *Id*. (citation omitted). The Waglers unsuccessfully appealed the original judgments all the way to the U.S. Supreme Court. The only procedural means for asserting their retroactivity argument, which they did not raise in *Wagler I*, would be a motion for relief from the original judgments pursuant to Indiana Trial Rule 60(B),

---

[1] *See* Ind. Code § 8-1-2-125(k) ("A not-for-profit public sewer utility may not require a property owner to connect to the not-for-profit public sewer utility's sewer system if: (1) the property is located on at least ten (10) acres; (2) the owner can demonstrate the availability of at least two (2) areas on the property for the collection and treatment of sewage that will protect human health and the environment; (3) the waste stream from the property is limited to domestic sewage from a residence or business; (4) the system used to collect and treat the domestic sewage has a maximum design flow of seven hundred fifty (750) gallons per day; and (5) the owner, at the owner's expense, obtains and provides to the district a certification from the local health department or the department's designee that the system is not failing.").

which they did not file. That argument is meritless because Article 1, Section 24 of the Indiana Constitution provides that no law "impairing the obligation of contracts, shall ever be passed." It is well settled that a judgment is a contract for purposes of this provision, *Heath v. Fennig*, 219 Ind. 629, 632, 40 N.E.2d 329, 331 (1942), and therefore the 2012 addition of subsection (k) to Indiana Code Section 8-1-2-125 cannot impair the Waglers' obligations under the 2011 original judgments to connect to West Boggs's sewer system. Because the Waglers do not challenge the legal basis for the contempt orders, we summarily affirm them.

[12] As a final matter, West Boggs asserts that it is entitled to appellate attorneys' fees under Indiana Appellate Rule 66(E), which provides, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." "Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited … to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). "[W]hile Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id.*

[13] The Waglers' appeal is frivolous, because, as West Boggs observes, they "do not even address the Contempt Orders" and "simply seek to re-litigate the

Judgments," which they may not do. Appellee's Br. at 28. Moreover, we agree that this appeal "appears to be part of a strategy to simply draw this matter out with the hope that West Boggs will quit." *Id*. at 28-29. This strategy is the very definition of vexatiousness and delay. Consequently, we conclude that West Boggs is entitled to recover appellate attorneys' fees from the Waglers under Appellate Rule 66(E), and we remand for a calculation of those fees.

[14] Affirmed and remanded.

Friedlander, J., and Kirsch, J., concur.