OPINION ON REHEARING



FILED

Oct 06 2017, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Thomas N. Eckerle
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Douglas D. Church
Alexander P. Pinegar
Kevin S. Smith
Church Church Hittle & Antrim
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas N. Eckerle,

*Appellant-Plaintiff,*

v.

Katz & Korin, P.C. and Michael W. Hile,

*Appellees-Defendants*

October 6, 2017

Court of Appeals Case No.
49A02-1608-CT-1894

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49D14-1510-CT-35444

**May, Judge.**

[1] Thomas N. Eckerle requests we reconsider our opinion for a variety of reasons. We grant rehearing for the sole purpose of correcting two immaterial factual errors.

[2] Paragraph 4 of *Eckerle v. Katz & Korin, P.C. and Michael W. Hile*, 49A02-1608-CT-1894 (Ind. Ct. App., Aug. 9, 2017), reads:

> Branham filed bankruptcy in 2004. Eckerle represented Newland in those bankruptcy proceedings. At the same time, Branham sued Newland and various defendants related to the BCU [Boone County Utilities, Inc.] transaction, including Eckerle, in Boone County, alleging conversion, conspiracy, and breach of contract ("Claim 517"). The claims alleging conversion and conspiracy were dismissed, and Branham was awarded approximately $390,000 from Newland on its breach of contract claims.

*Id*. at *1.

[3] The parties now agree Branham did not file bankruptcy and Eckerle was not a defendant in Claim 517. Therefore, that paragraph should read:

> Branham sued Newland and various defendants related to the BCU transaction in Boone County, alleging conversion, conspiracy, and breach of contract ("Claim 517"). The claims alleging conversion and conspiracy were dismissed, and Branham was awarded approximately $390,000 from Newland on its breach of contract claims.

[4] Paragraph 5 of our opinion also indicates Eckerle was a defendant in Claim 517:

> In 2011, Branham, represented by Stewart & Irwin ("S&I"), sued Newland and thirty-one other defendants, including Eckerle, in Boone County ("Claim 001"), asserting criminal offenses related to distribution of certain BCU-related funds as part of BCU's bankruptcy proceedings, from which Branham claimed it was entitled to treble damages under the Indiana Crime Victim's Recovery Act ("ICVRA") and Indiana's Racketeer Influenced and Corrupt Organizations Act ("RICO") statutes. Via a Proceedings Supplemental, Branham also sought to collect from the defendants in Claim 517, including Eckerle. Branham was not successful in any of its actions in Claim 001 or the Proceedings Supplemental to Claim 517.

*Id*. As noted above, the parties agree Eckerle was not a defendant in Claim 517. Instead, Branham named him as a garnishee-defendant in its Proceedings Supplement in 2011. (Appellant's App. Vol III at 148-9.) Therefore, the paragraph should read:

> In 2011, Branham, represented by Stewart & Irwin ("S&I"), sued Newland and thirty-one other defendants, including Eckerle, in Boone County ("Claim 001"), asserting criminal offenses related to distribution of certain BCU-related funds as part of BCU's bankruptcy proceedings, from which Branham claimed it was entitled to treble damages under the Indiana Crime Victim's Recovery Act ("ICVRA") and Indiana's Racketeer Influenced and Corrupt Organizations Act ("RICO") statutes. Via a Proceedings Supplemental, Branham also sought to collect from the defendants in Claim 517. Eckerle was included as a garnishee-defendant in Branham's motion for Proceedings Supplemental in Claim 517. Branham was not successful in any of its actions in Claim 001 or the Proceedings Supplemental to Claim 517.

These corrections are necessary to clarify the history of the proceedings leading up to the issues in this case, but they do not affect our analysis. The case from which this rehearing stems concerns Appellees' use of the affirmative defense of absolute privilege in response to Eckerle's claims of defamation. The alleged defamatory statements were published in Appellees' responsive pleading to Eckerle's motion to intervene in an adversary proceeding filed by BCU in the U.S. Bankruptcy Court. The alleged defamatory statements mentioned Claim 517, however, our holding that those statements were protected by absolute privilege does not turn on the facts we amend in this rehearing.

We affirm our earlier opinion in all other respects.

Brown, J., and Pyle, J., concur.