


FILED

Aug 29 2025, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Lane Benziger,

*Appellant-Defendant*

v.

Katherine E. Radabaugh,

*Appellee-Plaintiff*

---

August 29, 2025

Court of Appeals Case No.
25A-CT-997

Appeal from the Hamilton Superior Court

The Honorable Michael Casati, Judge

Trial Court Cause No.
29D01-2409-CT-010207

---

**Opinion by Judge Felix**
Judges Vaidik and Tavitas concur.

**Felix, Judge.**

## Statement of the Case

[1] Lane Benziger and Katherine Radabaugh's contentious divorce, although resolved, persists through the defamation suit giving rise to this appeal. After their divorce was finalized, Benziger sued Radabaugh for defamation based on statements she made during their divorce proceedings and related litigation. Radabaugh filed a motion for summary judgment on Benziger's claim, and the trial court entered summary judgment in favor of Radabaugh. Benziger now appeals, raising seven issues for our review that we revise and restate as the following single issue: Whether the trial court erred by granting summary judgment in favor of Radabaugh on Benziger's defamation claim.

[2] We affirm, and because we sua sponte determine Radabaugh is entitled to appellate attorneys' fees, we remand.

## Facts and Procedural History

[3] Radabaugh and Benziger married on October 21, 2017, and have one shared child ("Child") who was born of the marriage. On June 28, 2022, Radabaugh filed a petition for dissolution of marriage (the "Dissolution Cause").[1] On September 14, 2022, in a separate cause (the "PO Cause"), Radabaugh filed a petition for a protection order against Benziger, which the trial court granted

---

[1] Cause 29D04-2206-DC-004715.

two weeks later. On September 30, the trial court approved the appointment of a Guardian Ad Litem ("GAL").

[4] On October 23, 2023, Radabaugh and Benziger executed a Partial Mediated Settlement Agreement (the "Agreement"), which the trial court approved. The Agreement addressed child support, division of property, liabilities, taxes, attorneys' fees and costs, and other miscellaneous matters; the only issues left for the trial court to decide were custody and parenting time, the overnight parenting time credit, and attorneys' fees incurred after the execution of the Agreement. On November 13, the trial court issued a decree of dissolution of marriage in which it dissolved the parties' marriage, incorporated the Agreement, and noted the remaining issues were set for a final hearing. On July 25, 2024, that final hearing was held, after which the trial court awarded sole legal custody of Child to Mother and primary physical custody of Child to Mother subject to Father's parenting time pursuant to the Indiana Parenting Time Guidelines, among other orders. On August 22, 2024, Radabaugh filed a motion to extend the protection order in the PO Cause.

[5] On September 11, 2024, Benziger filed a complaint against Radabaugh alleging she had made 41 defamatory statements about him between September 12, 2022, and August 22, 2024.[2] Radabaugh allegedly made these statements to the Indiana Department of Child Services ("DCS"), to the GAL, to the trial court

---

[2] Cause 29D01-2409-CT-010207.

in the PO and Dissolution Causes, to Child's doctor, and to Child's maternal grandmother. For instance, Benziger alleged the following were defamatory statements that Radabaugh made during a hearing on September 19, 2022, in the Dissolution Cause regarding temporary custody and parenting time:

> H. Radabaugh testified that Benziger was the cause of communication going downhill between the Parties.
>
> I. Radabaugh testified that Benziger got off track when deciding a school start date.
>
> J. Relative to the timeframe of after the separation and before the hearing itself, Radabaugh testified that Benziger picked up the Child from school, specifically on a Thursday, without communicating it with Radabaugh.
>
> K. Radabaugh testified that she was unaware of any behavioral changes exhibited by her son toward Benziger.
>
> L. Radabaugh testified that Benziger's work schedule is unpredictable.
>
> M. Radabaugh testified that she had never seen Benziger use capital letters when writing about God.

(Errors in original).

[6] Benziger also alleged numerous statements Radabaugh made to the GAL and that were reproduced in the GAL's reports filed with the trial court in the Dissolution Cause were defamatory, including the following:

P.  Radabaugh told the GAL, "… [Benziger's] inability to manage his anger…".

Q.  Radabaugh told the GAL, "…[Benziger] is very rigid and inflexible in his beliefs regarding his parenting and child development…"

R.  Radabaugh told the GAL, "…[Benziger] is unable to effectively communicate compromise, and collaborate for [the Child's] best interest."

S.  Radabaugh told the GAL, "…[Benziger] has a pattern of verbal abuse… that [Benziger] will begin the verbal abuse with [the Child]".

T.  Radabaugh told the GAL, "[Benziger] does not believe in counseling and/or therapy…".

U.  Radabaugh told the GAL, "If it is not [Benziger's] way or what he wants, then he refuses to work for [the Child's] best interest."

(Errors in original).

[7]    Radabaugh filed a motion for summary judgment on Benziger's defamation claim, and designated 11 exhibits in support thereof, including among other documents the Agreement, the decree of dissolution, the trial court's order on the final hearing in the Dissolution Cause, and the Chronological Case

Summaries for both the Dissolution and PO Causes.[3]  Benziger filed a motion
to dismiss Radabaugh's motion for summary judgment, and the trial court
deemed Benziger's motion "to be a response in opposition to Summary
Judgment pursuant to Trial Rule 56," Appellee's App. Vol. II at 79.[4]  Benziger
did not designate any evidence in support of his opposition to Radabaugh's
motion.  The trial court granted summary judgment in favor of Radabaugh on
Benziger's defamation claim.  This appeal ensued.

## Discussion and Decision

### 1.  The Trial Court Did Not Err by Granting Summary Judgment in Favor of Radabaugh

[8]     We review summary judgment decisions de novo, *Gierek v. Anonymous 1*, 250
N.E.3d 378, 384 (Ind. 2025) (citing *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind.
2014)), which means we apply the same standard as the trial court, *Wohlt v.
Wohlt*, 245 N.E.3d 611, 615 (Ind. 2024) (citing *Red Lobster Rests. LLC v. Fricke*,
234 N.E.3d 159, 165 (Ind. 2024)).  Summary judgment is proper only "if the
designated evidentiary matter shows that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment as a matter of

---

[3] Benziger includes in his appendix only Radabaugh's memorandum in support of her summary judgment motion; he does not include Radabaugh's motion or her designation of evidence.  These materials are necessary for review of Benziger's appellate claim, so they should have been included in his appendix pursuant to Indiana Appellate Rule 50(A).  Radabaugh included all her summary judgment filings in her appendix, so we did not have to take judicial notice of them pursuant to Appellate Rule 27.

[4] Benziger also did not include his motion to dismiss or the trial court's order thereon in his appendix.  *See* App. R. 50(A).  Once again, Radabaugh included those documents in her appendix, so we did not have to take judicial notice of them pursuant to Appellate Rule 27.

law." Ind. Trial Rule 56(C). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Abbott v. State*, 183 N.E.3d 1074, 1079 (Ind. 2022) (quoting *Hughley*, 15 N.E.3d at 1003).

[9] We consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the parties for purposes of the summary judgment motion. T.R. 56(C), (H). We resolve "[a]ll factual inferences and all doubts as to the existence of a material issue" in favor of the nonmovant. *Zaragoza v. Wexford of Ind., LLC*, 225 N.E.3d 146, 151 (Ind. 2024) (internal quotation marks omitted) (quoting *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012)). In so doing, "we give careful scrutiny to make sure the non-movant's day in court is not improperly denied." *Id.* (internal quotation marks omitted) (quoting *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016)).

[10] "The party moving for summary judgment bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Abbott*, 183 N.E.3d at 1079 (emphasis in original) (citing *Sargent v. State*, 27 N.E.3d 729, 731 (Ind. 2015)). The movant "can make this showing when undisputed evidence affirmatively negates a required element" of the nonmovant's claim. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 377 (Ind. 2022) (citing *Siner*, 51 N.E.3d at 1187–88). Only if the movant meets this prima facie burden does the burden

then shift to the nonmovant to "come forward with contrary evidence showing an issue for the trier of fact." *Abbott*, 183 N.E.3d at 1079 (citing *Hughley*, 15 N.E.3d at 1003).

[11] Before we can reach the merits of Radabaugh's summary judgment motion, we note that Benziger did not designate any materials in opposing Radabaugh's motion for summary judgment, yet on appeal, he relies on undesignated materials in support of his arguments, many of which he includes in his Appendix as if he had provided them to the trial court. Trial Rule 56 is clear that courts can only consider *designated evidentiary matter* in deciding a summary judgment motion. T.R. 56(C), (H). Moreover, the plain text of Appellate Rule 50(A) requires materials included in the Appendix be part of the record. Accordingly, we do not rely on any of Benziger's citations, statements of fact, or argument regarding such materials.[5]

[12] Radabaugh sought summary judgment on Benziger's defamation per quod claim. "To establish a claim of defamation, a plaintiff must prove the existence of 'a communication with defamatory imputation, malice, publication and damages.'" *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010) (quoting *Trail v. Boys & Girls Clubs of N.W. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006)). A statement is defamatory if it tends "to harm a person's reputation by lowering the person in the community's estimation or deterring third persons

---

[5] Simultaneously with this decision, we have issued an order granting Radabaugh's request to strike the unfiled materials from Benziger's Appendix and any references thereto in his briefing.

from dealing or associating with the person." *Id.* (quoting *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007)).

[13] Benziger specifically claimed that Radabaugh had engaged in defamation per quod. Defamation per quod arises when the language of a statement is not defamatory in itself but becomes defamatory "only when understood in the context of extrinsic evidence." *Dugan*, 929 N.E.2d at 186 (citing *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (ind. Ct. App. 1999)). Damages are not presumed and must be proved for defamation per quod. *Id.* (citing *Rambo v. Cohen*, 587 N.E.2d 140, 145–46 (Ind. Ct. App. 1992)).

[14] Generally, to prevail on summary judgment, Radabaugh would need to affirmatively show that she did *not* make any communication with defamatory imputation, she did *not* make any such statements with malice, she did *not* publish any such statements, Benziger was *not* damaged thereby, or that she was otherwise not liable for defamation. *See McKenzie*, 185 N.E.3d at 377 (citing *Siner*, 51 N.E.3d at 1187–88); *Dugan*, 929 N.E.2d at 186 (quoting *Trail*, 845 N.E.2d at 136). Radabaugh argues that (a) Benziger released her from liability from any allegedly defamatory statements made on or before October 23, 2023; and (b) her allegedly defamatory statements made after October 23,

2023, are protected by an absolute privilege.[6]  We address each argument in turn.

### a.  Release of Liability for Pre-October 23, 2023, Statements

First, Radabaugh contends the Agreement contained a mutual release that shields her from liability for the allegedly defamatory statements made on or before October 23, 2023.  In particular, she points to Section 28 of the Agreement, which reads as follows:

> **28.  Mutual Release.**  Subject to the full compliance of this Agreement, each of the parties in all respects is released and fully discharged of any liability, claims or obligations of any kind or character whatsoever, whether arising out of the marital relationship or otherwise, and this Agreement constitutes a full, final and complete settlement in lieu of any other provisions respecting maintenance and any other distribution of property.

Appellee's App. Vol. II at 22–23 (emphasis in original).

Pursuant to the plain language of the Mutual Release, Benziger clearly released Radabaugh from liability for the allegedly defamatory statements made on or before October 23, 2023.  Radabaugh thus met her prima facie burden of demonstrating that no genuine issue of material fact existed and she was entitled to judgment as a matter of law regarding her liability for those statements.  This shifts the burden to Benziger to demonstrate a genuine issue

---

[6] At the trial level, Radabaugh also argued that she did not publish any of the allegedly defamatory statements.  Radabaugh has abandoned her publication argument on appeal, so we do not address it.

of material fact existed or that Radabaugh was not entitled to judgment as a matter of law on this issue.

[17]    At the trial level, Benziger made no argument regarding the interpretation of the Agreement and its applicability to his defamation claim to the extent that claim is based on allegedly defamatory statements made on or before October 23, 2023.  In fact, Benziger did not even address Radabaugh's contentions concerning the Agreement.[7]  Benziger therefore failed to rebut Radabaugh's prima facie showing, so we cannot say the trial court erred by granting summary judgment in favor of Radabaugh for the allegedly defamatory statements made on or before October 23, 2023.

### b.  Absolute Privilege for Post-October 23, 2023, Statements

[18]    Second, Radabaugh contends she is protected from liability for all the allegedly defamatory statements made after October 23, 2023, because she made them "during and in the course of judicial proceedings" in the PO and Dissolution Causes.  Appellee's App. Vol. II at 7–8; *see also* Appellee's Br. at 12.  The post-

---

[7] For the first time on appeal, Benziger argues that the Agreement does not protect Radabaugh from liability because the Agreement is void on account of Radabaugh "intentionally misrepresent[ing] . . . her true salary."  Appellant's Br. at 17.  It is well settled that an issue not raised before the trial court on summary judgment cannot be argued for the first time on appeal and is waived. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) (citing *Poulard v. Lauth*, 793 N.E.2d 1120, 1123 (Ind. Ct. App. 2003)). Here, Benziger has waived his argument about the Agreement's validity because (1) he did not make it to the trial court, and (2) he did not direct the trial court to the evidence that he now asserts on appeal establishes Radabaugh is not entitled to summary judgment. *See id.*; *McGill v. Ling*, 801 N.E.2d 678, 687–88 (Ind. Ct. App. 2004) (rejecting nonmovant's summary judgment argument that issue raised for first time on appeal was not waived where there were "facts in the summary judgment record to support [her] argument"), *trans. denied*.  We therefore decline to consider Benziger's argument regarding the validity of the Agreement.

October 23, 2023, statements include some of Radabaugh's statements to the GAL in the Dissolution Cause, Radabaugh's testimony at the July 2024 final hearing in the Dissolution Cause, Radabaugh's statements in her August 2024 motion in the PO Cause.

[19]     "The absolute privilege doctrine applies to defamation claims, torts related to defamation, and torts relying upon defamatory statements as proof of wrongdoing." *Eckerle v. Katz & Korin, P.C.*, 81 N.E.3d 272, 278 (Ind. Ct. App. 2017) (citing *Est. of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 247 (Ind. Ct. App. 2013), *trans. denied*), *corrected on reh'g*, 84 N.E.3d 722 (Oct. 6, 2017), *trans. denied*, 95 N.E.3d 1293 (Ind. 2018). Our Supreme Court has explained the absolute privilege doctrine as follows:

> Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements. *Wilkins v. Hyde*, 142 Ind. 260, 261, 41 N.E. 536, 536 (1895); *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. Ct. App. 1998). "The reason upon which the rule is founded is the necessity of preserving the due administration of justice," *Wilkins*, 142 Ind. at 261, 41 N.E. at 536, by providing actors in judicial proceedings with the freedom to participate without fear of future defamation claims. *Van Eaton*, 697 N.E.2d at 494 (citing *Briggs v. Clinton County Bank & Trust Co.*, 452 N.E.2d 989, 997 (Ind. Ct. App. 1983)).

*Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008). "For the same reason, an absolute privilege has been extended to communications made in the course of proceedings, which may be characterized as quasi-judicial, including certain

administrative proceedings." *Hall v. Shaw*, 147 N.E.3d 394, 401 (Ind. Ct. App. 2020) (quoting *Hartman*, 883 N.E.2d at 779 (Rucker, J., concurring in result)).

[20] The allegedly defamatory statements that Radabaugh made directly to the trial court in the Dissolution and PO Causes via filings and testimony are undoubtedly covered by the absolute privilege doctrine. As for her statements to the GAL, Radabaugh argues that Indiana law requires a guardian ad litem "represent and protect the best interests of the child," I.C. § 31-17-6-3, and considers a guardian ad litem to be an "officer[] of the court for the purpose of representing the child's interests," *id.* § 31-17-6-4. Given these statutory mandates, Radabaugh asserts that any statements she made to the GAL were made "in the course of" the Dissolution Cause. Appellee's App. Vol. II at 7–8; Appellee's Br. at 12. Based on our Supreme Court's policy that "actors in judicial proceedings" must have "the freedom to participate without fear of future defamation claims" in order to "preserv[e] the due administration of justice," *Hartman*, 883 N.E.2d at 777, we agree with Radabaugh that her statements to the GAL are protected by the absolute privilege doctrine. Consequently, Radabaugh carried her prima facie burden of showing that there are no genuine issues of material fact and she is entitled to judgment as a matter of law on this issue. This shifts the burden to Benziger.

[21] At the trial level, Benziger argued Radabaugh's allegedly defamatory statements are not protected by the absolute privilege doctrine because she did

not make the statements in good faith.[8]  Benziger did not designate any evidence in support of his claim that Radabaugh "fail[ed] to act in good faith" by "us[ing ] false information . . . with the sole purpose of stripping [Benziger]'s rights and access to the Child."  Appellee's App. Vol. II at 77.  Without evidence of Radabaugh's alleged lack of good faith, we cannot say Benziger demonstrated a genuine issue of material fact exists or Radabaugh is not entitled to summary judgment as a matter of law on her absolute privilege doctrine argument.

[22]  Based on the foregoing, Radabaugh is protected from liability by the Mutual Release in the Agreement and the absolute privilege doctrine for all the statements Benziger alleges were defamatory.  The trial court thus did not err by granting summary judgment in favor of Radabaugh on Benziger's defamation claim.

---

[8] For the first time on appeal, Benziger proffers the following three arguments:  (1) Radabaugh's statements to third parties—namely, the Child's doctor and Radabaugh's mother—are not protected because those statements were not made during a judicial proceeding; (2) Radabaugh's statements to the GAL, Radabaugh's mother, and the Child's doctor are not protected because those statements were not made in the course of a judicial, quasi-judicial, or administrative proceeding; and (3) Radabaugh's statements are not protected because she "abused the process," Appellant's Br. at 27.  As with his argument concerning the validity of the Agreement, *see supra* n.7, we decline to address the aforementioned arguments regarding absolute privilege because Benziger has waived them by failing to raise them before the trial court.  *See Dunaway*, 813 N.E.2d at 387; *McGill*, 801 N.E.2d at 687–88.  Similarly, to the extent Benziger's appellate argument regarding good faith goes beyond his trial argument and relies on evidence not presented to the trial court, he has waived that portion of his appellate argument, as well.  *See Dunaway*, 813 N.E.2d at 387; *McGill*, 801 N.E.2d at 687–88.

## 2. Radabaugh Is Entitled to Appellate Attorneys' Fees

[23]    Finally, we sua sponte consider whether damages should be assessed against Benziger pursuant to Indiana Appellate Rule 66(E). *See GEICO Ins. Co. v. Rowell*, 705 N.E.2d 476, 483 (Ind. Ct. App. 1999) (deciding sua sponte that damages should be assessed against appellant's counsel pursuant to former Ind. Appellate Rule 15(G)). That rule provides as follows: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." Ind. Appellate Rule 66(E). We limit application of Appellate Rule 66(E) to "instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Gallo v. Sunshine Car Care, LLC*, 185 N.E.3d 392, 404 (Ind. Ct. App.) (quoting *Wagler v. W. Boggs Sewer Dist., Inc.*, 29 N.E.3d 170, 174 (Ind. Ct. App. 2015)), *trans. denied*, 194 N.E.3d 599 (Ind. 2022). "We must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id.* (alteration omitted) (quoting *Wagler*, 29 N.E.3d at 174). Thus, we do not impose sanctions to punish mere lack of merit; rather, we do so when faced with something more egregious. *Bousum v. Bousum*, 173 N.E.3d 289, 293 (Ind. Ct. App. 2021) (quoting *Troyer v. Troyer*, 987 N.E.2d 1130, 1148 (Ind. Ct. App. 2013), *trans. denied*).

[24]    There are two categories of claims for appellate attorneys' fees: (1) substantive bad faith and (2) procedural bad faith. *Duncan v. Yocum*, 179 N.E.3d 988, 1005

(Ind. Ct. App. 2021) (citing *Boczar v. Meridian Street Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001)).

> To prevail on a substantive bad faith claim, the party must show that the appellant's contentions are utterly devoid of all plausibility. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is deliberate or by design, procedural bad faith can still be found.

*Id.* (internal citations and quotation marks omitted).

[25] While we are generally reluctant to grant an award of appellate attorneys' fees, such an award is warranted here given Benziger's substantive and procedural bad faith. Although Benziger chose to proceed pro se on appeal, this choice "afford[s] him no inherent leniency simply by virtue of being self-represented," and he is "held to the same standards as a trained attorney." *Auto. Fin. Corp. v. Liu*, 250 N.E.3d 406, 410 (Ind. 2025) (quoting *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014)).

[26] As noted above, Benziger advances numerous arguments on appeal that he did not make to the trial court, and he did not direct the trial court to the evidence he now asserts supports those arguments; so Benziger has waived all those arguments for our review. *See supra* ¶ 17 n.7, ¶ 21 n.8; T.R. 56(C), (H) (requiring parties to designate evidence for summary judgment purposes);

*Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) (concluding nonmovant waived summary judgment argument by raising it for first time on appeal); *McGill v. Ling*, 801 N.E.2d 678, 687–88 (Ind. Ct. App. 2004) (rejecting nonmovant's summary judgment argument that issue raised for first time on appeal was not waived where there were "facts in the summary judgment record to support [her] argument"). Furthermore, and as also noted above, Benziger repeatedly defies the plain language of Appellate Rule 50(A) by not including documents in the appendix that are necessary for disposition of this case, *see supra* ¶ 7 nn.3–4, and by including documents in the appendix that were not filed with the trial court, *see supra* ¶ 11.

[27]   Benziger's Statement of Case is utterly devoid of citations to the record, as required by Appellate Rule 46(A)(5). Likewise, Benziger fails to support with citations to the record numerous statements of fact in his Statement of Facts and Argument, as required by Appellate Rules 46(A)(6)(a) and 46(A)(8)(a) respectively. Benziger's Statement of Facts also contains impermissible argument. *See Dridi v. Cole Kline LLC*, 172 N.E.3d 361, 365 (Ind. Ct. App. 2021) (citing *Ramsey v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 488 (Ind. Ct. App. 2003)) (holding the Statement of Facts must be "devoid of argument"). Benziger does not include a concise statement of the applicable standard of review in his briefing—which in this case is the standard of review for summary judgment—as required by Appellate Rule 46(A)(8)(b). Nor does Benziger frame his argument according to the summary judgment rules. *See* T.R. 56(C) (setting forth burdens of proof for each party). Benziger's

Conclusion is also deficient in that it is not a "precise statement of the relief sought," App. R. 46(A)(9), but is instead two pages of unsupported argument along with a third page of relief requests.

[28] In addition to the numerous defects in his appendix and briefing, Benziger makes several vexatious and potentially harassing statements therein. For example, Benziger accuses Radabaugh of "intentionally attempt[ing] to deceive" the trial court by citing to case law that Benziger considers to be inapposite. Appellant's Br. at 20. Benziger also claims "Radabaugh knowingly and intentionally committed fraud and perjury and disrupted the proper conduct of the proceedings." *Id.* at 27; *see also* Appellant's Reply Br. at 8–9 (lodging a new accusation of perjury). Most troubling is Benziger's assertion that this court "has the obligation to immediately issue an arrest warrant for Radabaugh, so she may be tried in the appropriate court for fraud, contempt of court, and perjury." Appellant's Br. at 31 (citing Ind. Code § 35-33-2-1); *see also id.* at 34 (requesting the same). We have no such authority. Ind. Const. art. 7 § 6. Nevertheless, Benziger "requests the Appellate court, by motion or any other means, to immediately issue an arrest warrant for Katharine Elizabeth Radabaugh, so she may be tried in the appropriate court for multiple counts of fraud, contempt of court, and perjury." Appellant's Br. at 34. This is wholly inappropriate and beyond the pale.

[29] Standing alone, Benziger's presentation of new arguments on appeal, reliance on undesignated evidence, noncompliance with Appellate Rules 46 and 50, and impertinent and unsupported accusations against Radabaugh may not

constitute bad faith. But when all these improprieties appear in one brief, we simply cannot ignore them. Nearly all Benziger's appellate arguments are utterly devoid of all plausibility because Benziger chose not to make those arguments before the trial court and chose not to designate any evidence in support of the few arguments he did make at the trial level. Yet Benziger presented those arguments to this court as if they were not waived and even included in his appendix unfiled materials in support of those arguments. To make matters worse, Benziger flagrantly disregarded the form and content requirements of our Appellate Rules, omitted relevant facts appearing in the record, and filed briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and this court. Taken altogether, Benziger has engaged in bad faith in bringing this appeal. Consequently, we conclude that Radabaugh is entitled to appellate attorneys' fees, the amount of which will be determined by the trial court upon remand.

## Conclusion

[30]  In sum, the trial court did not err by granting summary judgment in favor of Radabaugh on Benziger's defamation claim, and Radabaugh is entitled to appellate attorneys' fees due to Benziger's bad faith in bringing this appeal. We affirm the trial court on all issues raised and remand for a determination of Radabaugh's reasonable appellate attorneys' fees.

[31]  Affirmed and remanded with instructions.

Vaidik, J., and Tavitas, J., concur.

APPELLANT PRO SE

Lane Benziger
Westfield, Indiana


ATTORNEY FOR APPELLEE

Brandi A. Gibson
Coots, Henke, & Wheeler, PC
Carmel, Indiana